ELIZABETH JOHNSON, *alias* SIS JOHNSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed December 22, 1914.

1. Where a party has been tried for murder in a Circuit Court and convicted, and on writ of error from this court the judgment has been reversed and a new trial granted, and where on a subsequent trial the testimony of a witness for the State who testified on the first trial cannot be had because the witness could not be found, the exclusive method provided by Chapter 5897, Laws of 1909, for obtaining the desired evidence is to introduce in evidence the original bill of exceptions containing the evidence of the witness at the first trial, or if that be lost, to re-establish such bill of exceptions, or such parts as were desired, which would, under the statute, have the force and effect of the original bill of exceptions.

2. Where the indictment charges a defendant with murder in the first degree, it is not erroneous under the statute for the trial judge to charge the jury to the effect that if the party indicted is found to be an accessory before the fact to the crime of murder, she (or he) may be found guilty of murder in the first degree.

3. A witness who has not testified in chied in regard to a substantial fact, not in issue, may not be cross-examined as to what he may have said to some third person in regard to said matter, for the purrpose of laying the ground for, contradiction or impeachment.

Writ of error to Circuit Court for Calhoun County; D. J.Jones, Judge.

Judgment reversed.

*Price & Price* and *J. W. Kehoe,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

Hocker, J.—Elizabeth Johnson, *alias* Sis Johnson, was jointly indicted with one Munroe Bess at the Fall Term of the Circuit Court of Calhoun County, A. D. 1911, for the murder of one James Whittington. At the same term she was placed on trial and convicted of murder in the first degree, with a recommendation to mercy. From the judgment rendered she sued out a writ of error from this court, and upon consideration the judgment was reversed and a new trial awarded. 63 Fla. 16, 58 South. Rep. 540. She was again tried at the Spring Term of said Circuit Court, A. D. 1914, and was found guilty of murder in the first degree, and sentenced to be hung. From this judgment a writ of error was sued out from this court.

The first assignment of error is based on the ruling of the trial judge over the objection of the defendant "permitting the introduction in evidence of all that portion of the original transcript of record, which was filed in the Supreme Court in a certain cause wherein Elizabeth

34—Vol. 68

Johnson, *alias* Sis Johnson, was plaintiff in error and the State of Florida was defendant in error, which purported to show by the copy of the bill of exceptions incorporated in such transcript, the testimony of Townie Bray, given upon a former trial of this cause, and in admitting in evidence the purported testimony of said witness Townie Bray, as shown in said transcript."

This use of a part of the bill of exceptions contained in the transcript of the record sent to this court and filed and lodged with the Clerk of the Supreme Court was objected to by the defendant's attorneys on several grounds: First, it is not the bill of exceptions made up on the former trial; second, it is not shown by the testimony that it is a true copy of such bill of exceptions; third, the evidence does not show the loss or destruction of the bill of exceptions; fourth, that any statute which permits the use of a bill of exceptions, or a copy thereof, in lieu of the testimony of the witnesses, is unconstitutional; fifth, the evidence offered is not the best evidence. An attempt was made at the trial to show by the Clerk of the Circuit Court that the original bill of exceptions was not in his office, or possession. There were several attorneys in the case for the defendant, and the Clerk says that the original bill of exceptions was sent to some one of them at Marianna, Florida. He does not seem to know positively whether it was ever returned to him or not. Some search was made by the attorneys in Marianna in several law offices, but it was not found. With this proof of the loss of the original bill of exceptions it seems the trial judge permitted the prosecuting attorney to read to the jury from the bill of exceptions contained in the transcript of the record of the former trial of Sis Johnson, lodged in this court, the evidence of one Townie Bray, who was a material witness for the State at the first trial, but could

not be found for the second trial. In order that it may appear that the Clerk of this Court was not in fault, it is proper to say that upon the application of the prosecuting attorney of the Circuit Court, the transcript of the record lodged in this court was sent by order of this court to the Circuit Judge. It was suggested to this court that the said transcript might aid in refreshing the memory of the Clerk of the Circuit Court in the re-establishment of the alleged lost bill of exceptions, or some portion of it; but no such use of it was made. The only use made of it was in reading from it the alleged testimony of Townie Bray, given at the former trial, and this was objected to. It was not filed in the Circuit Court, and could not be, because it was a record of the Supreme Court, and not a record of the Circuit Court. The record of this court was not sent by it to the trial court "to take the place of a record shown to be lost," as is contended by the Attorney General in his brief in this case, and that the trial judge so understood the action of this court is shown by the fact that he did not attempt to file it in this trial, but returned it to the Clerk of this Court. There was no atempt made to re-establish the alleged lost bill of exceptions in the Circuit Court. A re-established lost record under the statute has the force and effect of the original. Sec. 1982, Gen. Stats. of 1906. It is contended by the plaintiff in error that under the statute of Florida, Section 1, Chapter 5897, Laws of 1909, the original bill of exceptions, and not a certified copy thereof, affords the only method of proving the testimony of a witness who testified on the first trial, but whose presence could not be secured for the second trial. That section reads as follows: "In case any judgment at law rendered by any court of the State of Florida shall be reversed and a new trial awarded, and it be made to appear to the satisfaction

of the Court that any evidence used in the former trial, whether oral or written, and incorporated in the bill of exceptions, cannot be had, then the bill of exceptions taken at the previous trial may be used as evidence upon any subsequent trial of the case, as to any matter in issue at the former trial; Provided, That no evidence given upon a former trial of any case pending in any of the courts of the State of Florida shall be used in evidence upon the trial of any cause in any of the courts in the State of Florida, except as herein provided." It will be observed that the substantial amendment of Section 1523, Gen. Stats. of 1906, by this section is contained in the Proviso. This Proviso limits the method of using evidence given upon a former trial to the bill of exceptions. The history of this section and its proviso, is as follows: The opinion of this court in the case of Putnal v. State, 56 Fla. 86, 47 South. Rep. 864, had been promulgated a short time before its adoption by the Legislature. In that case this court held that Section 1523, Gen. Stats. of 1906, providing for the use of Bills of Exceptions to prove testimony given at a former trial, did not exclude the use of other competent evidence to prove such testimony. The doctrine of Putnal v. State, was therefore abolished by the adoption of Section 1, Chapter 5897, and by the terms of the Proviso a bill of exceptions is the exclusive method by which evidence given at a former trial may be proven. Neither the original bill of exceptions nor a re-established bill of exceptions, having the force and effect of the original was used. It is contended, however, by the Attorney General, that what was read to the jury was a certified copy of the original bill of exceptions, and that under the Statutes of Florida such a certified copy was competent testimony. Without going into a critical analysis of the several sections of the law applicable to the use of certified copies of records, it is sufficient to say that no cer-

tified copy was *filed in evidence in this case,* or became a part of the record of this case, and we say this without meaning to intimate that such a certified copy could take the place of the original bill of exceptions, or if that be lost, of the re-established bill of exceptions. It is evident that a re-established record has greater probative value that a certified copy, unless the statute gives the latter equal force and effect as the original. This court, in the case of Simmons v. Spratt, 26 Fla. 449, 8 South. Rep. 123, had occasion to discuss the evidential value of a bill of exceptions and to suggest some uses to which it might be adapted. This case was decided before the passage of Chapter 4135, Laws of 1893 (§1523, G. S. 1906). It seems to us the trial judge erred in admitting the evidence objected to under this assignment.

The seventh assignment of error questions the following special instructions requested by the State Attorney, and given by the court, viz.: "The Court instructs the jury that if you find from the evidence in this case, beyond a reasonable doubt, that Zeke Johnson, in Calhoun County, Florida, on December 23rd, 1910, feloniously and from and with a premeditated design to kill James Whiddington, shot the said James Whiddington with a gun and killed him, and that the said defendant Elizabeth Johnson was present and unlawfully and from and with a premeditated design to kill the said James Whiddington then and there advised, aided and abetted, counseled or assisted the party who did kill James Whiddington, to kill him as I have charged you, it will be your duty to find the defendant guilty of murder in the first degree." The Attorney General contends that under Section 3179 General Statutes of 1906, authorizing the indictment of an accessory before the fact for a substantive felony, and conviction of such substantive felony, whether the prin-

cipal has or has not been convicted, or is or is not amenable to justice, no error is shown by this instruction. Undoubtedly the indictment charges Elizabeth Johnson with substantive felony, which under the statute embraces the crime of accessory before the fact. A substantive felony is one dependent on itself, and not on another felony to be first established. 1 Bishop's New Criminal Law, Sec. 696; 7 Words & Phrases, 6743. The defendant's evidence tended to show that James Whiddington was killed by Zeke Johnson. Zeke Johnson was himself killed in the fight in which Whiddington was killed. It is true that all the charges and instructions given by the trial judge ought to conform to the issues made by the pleadings, and that Zeke Johnson is not mentioned in the indictment. But in the indictment Elizabeth Johnson is named as a principal, and under the statute referred to, if she was an accessory before the fact, she was properly indicted for the substantive offense. Her guilt or innocence would not be dependent on or affected by that of Munroe Bess or Zeke Johnson or other possible principal in the first degree. The substance of the issue was whether Elizabeth Johnson was guilty of the murder of James Whiddington, whether as principal in the first degree or second degree, or as accessory before the fact, and the instruction did not go beyond this issue. The fact that she was jointly indicted with Munroe Bess did not affect the issue on which she was tried, for her guilt was not dependent on his.

The sixth assignment questions the ruling of the trial judge in refusing to grant the motion to strike the testimony of Green Sellars as to what Buddie Johnson told him with reference to Munroe Bess shooting at Townie Bray. Buddie Johnson had testified for the defendant, and on cross-examination he was asked if he had not told

Green Sellars that Munroe Bess shot at Townie Bray. He denied making any such statement. Sellars was then asked if Buddie Johnson had not made such a statement to him. This was objected to when propounded, and a motion made to strike the answer. This motion, it seems to us, should have been granted. On his direct examination Buddie Johnson had said nothing about Munroe Bess shooting at Townie Bray. It does not appear to have been matter relevant to the guilt or innocence of the defendant, and did not afford proper ground for cross-examination or for impeachment. The court erred in not granting the motion. Stewart *et al.* v. State, 42 Fla. 591, 28 South. Rep. 815; Fields v. State, 46 Fla. 84, 35 South. Rep. 185.

We think it unnecessary to discuss other assignments.

The judgment of the Circuit Court is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.