ON REHEARING EX MERO MOTU
The original opinion and the dissent issued on May 11, 1984, are withdrawn, and the following is substituted therefor.
This is an appeal from a final order of the Circuit Court of Jefferson County, Birmingham Division, setting aside a decree ordering a public sale of property in a suit for sale for division, because the land lay in the Bessemer Division of Jefferson County.
Appellant Louellen Glenn initiated these proceedings against Appellee Edward Wilson for sale for division of a lot in which Glenn owns a three-fourths interest and Wilson owns a one-fourth interest. The action was filed in the Birmingham Division of Jefferson County Circuit Court. Service of process was ultimately perfected by publication, and a default judgment was entered thereafter against Wilson.
The trial court on January 4, 1983, ordered a sale of the property. The property was sold on March 9, 1983, to Glenn, and a deed was subsequently executed and delivered to her on April 7, 1983. On May 6, 1983, Wilson filed a motion to set aside the sale on grounds that the land was situated in the Bessemer Division of Jefferson County, Alabama. On August 2, 1983, the Circuit Court, Birmingham Division, granted the relief sought. This appeal followed. We affirm.
Pertinent portions of the trial court's final decree describe the history of the case:
 "This action came on to be heard and considered by the Court after notice on motion of the Defendant to set aside all orders entered in this action which sought and resulted in a sale for division.
 "The motion raises the issue that the property involved here lies in the Bessemer Division of Jefferson County and that the orders of the Court and the deed of the Register are void for want of jurisdiction. Rule 60 (b), Alabama Rules of Civil Procedure.
 "The parties have stipulated and agreed that the property involved here, in fact, lies in the Bessemer Division of Jefferson County.
 "It appears from the file of this action and the records of the court that a final order was entered in this action on March 28, 1983, confirming a public sale for division wherein the Plaintiff was the successful bidder and purchaser and received the Register's deed on April 7, 1983, conveying the parties' interest in the real estate to the Plaintiff. At that time the Plaintiff paid into court the sum of $329.00 having received credit for her 3/4 interest and having paid her pro rata share of the costs of court.
 "The Defendant (Movant) has not claimed or accepted his share of the purchase price from the Office of the Register, and the monies are now on deposit with that office.
 "The Bessemer Division of this Circuit has exclusive jurisdiction of all civil actions involving causes of action arising in the territory comprising the Bessemer Division of the county. Ex parte Central of Georgia Railway Company, 243 Ala. 508, 10 So.2d 746 (1942)."
The trial court correctly held that the original action should have been brought in Bessemer. In United Supply Co. v.Hinton Construction and Development, Inc., 396 So.2d 1047 (Ala. 1981), the Court held that a suit to enforce a lien should be filed in the division of the Jefferson County circuit where the land was located. There we said of Local Act No. 213, Section 2, p. 62, Ala. Acts 1919, re-creating the Bessemer Division of the Circuit Court in Jefferson County:
 "[It] in effect created two circuit courts within one county. By the Act, the Circuit Court holding in Bessemer was given the same power exercised by the Tenth Judicial Circuit, but it could exercise such power only for actions arising in its territorial boundary. In the instant case, United Supply filed a lien in the probate court of Bessemer, on land located squarely in the Bessemer Division.
 "Having determined that the legislature intended to create two circuit courts *Page 4 
in Jefferson County, we must reach the inescapable conclusion that the suit to enforce a lien must be filed in the division in which the land lay."
396 So.2d at 1050.
That decision leads to the conclusion reached by the learned trial judge that the Birmingham Division of the Tenth Judicial Circuit had no authority in an action in rem to enter a judgment affecting real estate located exclusively within the territorial boundaries of the Bessemer Division. See Berry v.Berry, 266 Ala. 252, 95 So.2d 798 (1957); Clark v. Smith,191 Ala. 166, 67 So. 1000 (1915). Nevertheless, while the court in the Birmingham Division could not enter such a judgment affecting the real estate, it would have been appropriate for the court in the Birmingham Division to transfer the case to the Bessemer Division, in accordance with § 12-11-11, Code 1975, infra. While such a transfer would have been appropriate in this case, we can see no reason to reverse the trial court's order vacating its prior decree instead.
The appellant's reliance on Ex parte Central of Georgia Ry.Co., 243 Ala. 508, 10 So.2d 746 (1942), for the proposition that all equity cases arising in the Bessemer Division may be properly brought either in Bessemer or in Birmingham, is misplaced. The discussion of equity cases in that case was based on an amendment to Section 2, p. 62, Local Act No. 213, Ala. Acts 1919 (designated Section 9 1/2, p. 65, Local Act No. 213, Ala. Acts 1919). That section (9 1/2) did contain a provision that:
 "as to equity cases arising in the precincts set forth in section two (2) the complainant may file or bring such cases in the Circuit Court of the Tenth Judicial Circuit holding at Bessemer or in the Circuit Court of the Tenth Circuit holding at Birmingham."
243 Ala. at 512, 10 So.2d at 749.
Section 9 1/2 was expressly repealed by a general act of September 9, 1927, p. 711, Ala. Acts 1927, and was again repealed by a local act of September 7, 1935, p. 216, Ala. Acts 1935. Why the Court in Central of Georgia did not acknowledge the repeal of that part of the act is unclear. The holding of that case, however, is sound, since Section 9 1/2 had no application to the facts of that case.
We acknowledge that some of the cases are less than clear and seem to confuse venue and jurisdiction by use of the term "territorial jurisdiction." See C. Cleveland, "Territorial Jurisdiction of the Circuit Court in the Bessemer Cutoff," Vol. 3, No. 2, Birmingham B. Ass'n Bull. (Summer 1982). However, we are convinced that — except for those cases which by their nature can be adjudicated only in a particular county, such as suits for partition of land, see Clark v. Smith, supra, or suits to enforce a lien on land, see United Supply Co., supra, both of which must be brought in the county where the land lies — suits "arising in" the geographical boundaries of the Bessemer Cutoff but filed in Birmingham (or, vice versa, suits "arising in" the Birmingham Division but filed in Bessemer) are subject to transfer to the proper division pursuant to the provisions of § 12-11-11, Code 1975. That statute, first adopted in 1915, reads as follows:
 "Whenever it shall appear to the court that any case filed therein should have been brought in another court in the same county, the court shall make an order transferring the case to the proper court, and the clerk or register shall forthwith certify the pleadings, process, costs and order to the court to which the case is transferred, and the case shall be docketed and proceed in the court to which it is transferred, and the costs accrued in the court in which the case was originally filed shall abide by the result of the case in the court to which transferred."
The Bessemer Cutoff legislation does not diminish the general jurisdiction of other circuit courts, either in Jefferson or other counties. Therefore, in those Jefferson County cases subject to transfer to the other division pursuant to §12-11-11, a claim for transfer based on the improper filing may be waived, just as in a suit filed *Page 5 
in some other county the parties may waive claims of improper venue.
The judgment of the trial court is affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.