Petition for a writ of mandamus directed to The Honorable Terry L. Butts, Judge of the Circuit Court of Coffee County, to order Judge Butts to transfer the case of Jeanna Marie Barlow,pro ami v. Humana, Inc., et al., from the Elba Division to the Enterprise Division of Coffee County. The writ is granted.
In support of their petition, the petitioners cite us to the Alabama Constitution of 1901, § 232; Code of 1975, §§ 6-3-2, -7, and -10 and 12-11-11; Rule 82 (c), A.R. Civ.P.; and toGlenn v. Wilson, 455 So.2d 2 (Ala. 1984); Ex parte Parker,413 So.2d 1105 (Ala. 1982); Ex parte Wilson, 408 So.2d 94 (Ala. 1981); Hodges v. General Shale Products Corporation,346 So.2d 416 (Ala. 1977); and Ex parte Southern Building Code Congress,282 Ala. 523, 213 So.2d 365 (1968). Petitioners also refer to Acts of Alabama 1903, No. 360, pp. 285-289, Section 1, which provided for the jurisdictions of the Enterprise and Elba Divisions of the Circuit Court of Coffee County:
 "Provided, that the Enterprise Division of said court [including circuit, chancery and county courts] shall have all the powers and jurisdiction belonging to said court, and shall be governed and regulated by the same rules of procedure as obtain and govern in said court when held at Elba. . . ."
This section continues with the establishment of a territorial dividing line, "which said line shall be known as the dividing line between the Elba and Enterprise jurisdictions of said courts," and further, under Section 3:
 "[T]he Circuit Court of Coffee County held in and for the Enterprise Division shall have exclusive jurisdiction of all civil causes of which the Circuit Court of Coffee County has jurisdiction wherein the defendants reside in the district or territory East of said dividing line or where the cause of action arose east of said dividing line. . . ."
In the underlying action, Barlow v. Humana, Inc., et al., plaintiff sued Humana, Inc., Humana Hospital-Enterprise (formerly Coffee General Hospital or Gibson Hospital), Enterprise Medical Clinic, and Drs. Vickers, Mitchell, and Sanders. The lawsuit was filed in the Elba Division of Coffee County. According to the petitioner, venue is proper in the Enterprise Division of the Circuit Court of Coffee County, not the Elba Division. Affidavits adduced by the petitioners establish that Humana Hospital-Enterprise (formerly Coffee General Hospital or Gibson Hospital) does not do, and has never done, business in the Elba Division but only in the Enterprise Division; that Humana, Inc., does not do, and has not done, business in the Elba Division; that Enterprise Medical Clinic has never done any business in the Elba Division; and that Drs. Vickers, Mitchell, and Sanders, all of whom reside in Enterprise, do not practice, and have never practiced, medicine in the Elba Division. According to the petitioners' evidence, the incident made the basis of the lawsuit occurred in Enterprise. Under these circumstances, petitioners argue, the trial court should have granted their motion to change the venue of the cause from Elba to Enterprise.
Rule 82, A.R.Civ.P., provides in part:
 "(b) Venue of Actions. Venue of actions shall not be affected by these rules except as the statute for venue for actions against individuals at law (Code of Ala., § 6-3-2 (a)) and the statute for venue for actions against individuals in equity (Code of Ala., § 6-3-2 (b)), are inconsistent. Such inconsistencies are resolved as follows:
 "(1) Against Resident Individuals. Actions against an individual or individuals having a permanent residence in this state:
 "(A) Must be brought in the county where the defendant or any material defendant resides at the commencement of the action, except that if the action is a personal action other than an action on a *Page 924 
contract, it may be brought either in the county where the act or omission complained of occurred, or in the county of the permanent residence of the defendant or one of them;"
Rule 82 (b) applies only to individuals, not to corporations or other entities.
Code of 1975, § 6-3-7, the corporation venue statute, provides:
 "A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
The gist of respondent's opposition to the petition is that the statutes and rules on venue have been complied with, and that no showing has been made of any abuse of the trial court's discretion in denying the change.
It is true, as respondents contend, that Rule 82 refers to the proper county. In view of the legislation establishing the Elba and Enterprise Divisions of Coffee County, however, the facts that (1) the injury occurred in Coffee County, and (2) the plaintiffs reside in Coffee County, do not themselves suffice to resolve the venue question.
This Court recently decided a case also involving a circuit court division raising a venue question, Glenn v. Wilson,455 So.2d 2 (Ala. 1984). That case determined that a sale for the division of land, which lay in the Bessemer Division of Jefferson County, was due to be set aside because the action had been improperly tried in the Birmingham Division of Jefferson County. This conclusion was reached due to the adoption of a legislative act recreating the Bessemer Division of the Jefferson County Circuit Court. We commented upon the trial court's action:
 "The trial court correctly held that the original action should have been brought in Bessemer. In United Supply Co. v. Hinton Construction and Development, Inc., 396 So.2d 1047 (Ala. 1981), the Court held that a suit to enforce a lien should be filed in the division of the Jefferson County circuit where the land was located. There we said of Local Act No. 213, Section 2, p. 61, Ala. Acts of 1919, re-creating the Bessemer Division of the Circuit Court in Jefferson County:
 "`[It] in effect created two circuit courts within one county. By the Act, the Circuit Court holding in Bessemer was given the same power exercised by the Tenth Judicial Circuit, but it could exercise such power only for actions arising in its territorial boundary. In the instant case, United Supply filed a lien in the probate court of Bessemer, on land located squarely in the Bessemer Division.
 "`Having determined that the legislature intended to create two circuit courts in Jefferson County, we must reach the inescapable conclusion that the suit to enforce a lien must be filed in the division in which the land lay.'
"396 So.2d at 1050."
455 So.2d at 3-4.
Although United Supply Co. involved a lien on land, that fact alone does not militate against the transfer here, for Glenn,supra, explained at 4-5:
 "We acknowledge that some of the cases are less than clear and seem to confuse venue and jurisdiction by use of the term `territorial jurisdiction.' See C. Cleveland, `Territorial Jurisdiction of the Circuit Court in the Bessemer Cutoff,' Vol. 3, No. 2, Birmingham B. Ass'n Bull. (Summer 1982). However, we are convinced that — except for those cases which by their nature can be adjudicated only in a particular county, such as suits for partition of land, see Clark v. Smith, [191 Ala. 166, 67 So. 1000 (1915)], or suits to enforce a lien on land, see United Supply Co., [396 So.2d 1047 (Ala. 1981)], both of which must be brought in *Page 925 
the county where the land lies — suits `arising in' the geographical boundaries of the Bessemer Cutoff but filed in Birmingham (or, vice versa, suits `arising in' the Birmingham Division but filed in Bessemer) are subject to transfer to the proper division pursuant to the provisions of § 12-11-11, Code 1975. That statute, first adopted in 1915, reads as follows:
 `Whenever it shall appear to the court that any case filed therein should have been brought in another court in the same county, the court shall make an order transferring the case to the proper court, and the clerk or register shall forthwith certify the pleadings, process, costs and order to the court to which the case is transferred, and the case shall be docketed and proceed in the court to which it is transferred, and the costs accrued in the court in which the case was originally filed shall abide by the result of the case in the court to which transferred.'
 "The Bessemer Cutoff legislation does not diminish the general jurisdiction of other circuit courts, either in Jefferson or other counties. Therefore, in those Jefferson County cases subject to transfer to the other division pursuant to § 12-11-11, a claim for transfer based on the improper filing may be waived, just as in a suit filed in some other county the parties may waive claims of improper venue."
In this case, it appears without dispute that the acts or omissions complained of occurred in the Enterprise Division of the Coffee County Circuit Court, not in the Elba Division. It is also without dispute that none of the defendants did business or does business in the Elba Division or resides in the Elba Division. To the contrary, all reside and do business in the Enterprise Division. Under the statute creating the two divisions, and under the reasoning of Glenn, supra, citing Code of 1975, § 12-11-11, the petitioners had a clear right to the relief prayed for, i.e., transfer of the cause to the Enterprise Division of the Coffee County Circuit Court.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.