STEAGALL, Justice.
Saint Luke Missionary Baptist Church (hereinafter the “Church”) filed a complaint in the Birmingham Division of the Jefferson Circuit Court, seeking a temporary restraining order to enjoin Charles R. Winston, Jr., from attending the Church’s worship services. The Church alleged that it had terminated Winston’s employment as its pastor but that Winston had refused to relinquish his office or to cease his attempts to act as the Church’s pastor. The Church alleged that Winston’s actions discredited and disrupted the Church’s operations.
The trial court granted the temporary restraining order, and Winston moved to set it aside. The trial court denied the motion and ordered that the membership of the Church meet and vote again upon the issue of whether the church would retain Winston as its pastor, and then submit a report of the vote to the trial court. The Church unanimously voted to terminate Winston’s employment. The trial court thereafter entered a permanent injunction prohibiting Winston “from disrupting services of the Saint Luke Missionary Baptist Church.” Winston appeals.
The sole issue on appeal is whether venue of this action was proper in the Birmingham Division. Winston points out that the Jefferson Circuit Court is divided into the Birmingham Division and the Bessemer Division. He argues that the real estate the Church sought to enjoin him from entering, i.e., the Church’s building, is located in the Bessemer Division and that the Birmingham Division is not a proper venue. Winston relies on Glenn v. Wilson, 455 So.2d 2 (Ala.1984), wherein the plaintiff sued in the Birmingham Division for the sale of certain jointly owned real property located in the Bessemer Division. This Court reviewed the history of the legislation that created the Birmingham and Bessemer Divisions of the Jefferson Circuit Court, and reviewed the historical interpretation of that legislation, and held that the Birmingham Division has no authority “in an action in rem to enter judgment affecting real estate located exclusively within the territorial boundaries of the Bessemer Division.” Glenn, 455 So.2d at 4.
Here, the record shows that the Church sought an injunction in personam, not in rem; that is, the Church sought only to control the actions of an individual and not the disposition of real estate. In an equitable proceeding against individuals, where real estate is not the subject matter of the action, the action must be commenced in the county in which the defendant or a material defendant resides. Ala. Code.1975, § 6-3-2(b). The record shows that Winston resides in the area encompassed within the Birmingham Division; thus, Winston’s argument as to this issue is without merit.
The trial court’s judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON and SHORES, JJ., concur.
ADAMS, J., concurs in the result.