On Rehearing Ex Mero Motu
The opinion of February 17, 1995, is withdrawn, and the following is substituted therefor.
Chrysler Corporation ("Chrysler") and Jerry Mitchell Chevrolet, Inc. ("Jerry Mitchell"), the defendants in a wrongful death case filed by Arvis Stambaugh ("Stambaugh") as executor of the estate of Jean JoAnn Stambaugh and as dependent widower of Jean JoAnn Stambaugh ("the decedent"), filed this petition for a writ of mandamus directing the circuit judge of Barbour County, Alabama, to transfer the wrongful death case from the Clayton Division to the Eufaula Division of the Circuit Court of Barbour County. The writ is denied.
Acts of Alabama 1878-79, Act No. 106, as amended by Acts of Alabama 1969, Act No. 888 (hereinafter both acts are together referred to as "the Act"), divides Barbour County into two districts, or divisions, for certain purposes. For purposes of this opinion, the geographical area west of a line described in the Act shall be referred to as "the Clayton Division" and the geographical area east of that line shall be referred to as "the Eufaula Division." It is undisputed that the accident that allegedly caused the death of the decedent occurred in the Eufaula Division; that the decedent resided in the Eufaula Division at the time of her death and that her will was admitted to probate in that division; that Stambaugh resides in the Eufaula Division; and that Chrysler does business in the Eufaula Division through a dealership. Neither defendant has a residence in either the Clayton or the Eufaula Division.
A petition for a writ of mandamus is an appropriate means for challenging a trial court's ruling on a motion to transfer, based on a claim of improper venue, when the petitioners allege that they have a clear right to the relief sought. Ala. Code 1975, § 6-3-21; Rule 22(d), Ala.R.Civ.P.; Ex parte AlabamaPower Co., 640 So.2d 921 (Ala. 1994); Elmore County Commissionv. Ragona, *Page 115 540 So.2d 720 (Ala. 1989); Ex parte Humana, Inc., 462 So.2d 922
(Ala. 1985).[1] The petition for a writ of mandamus is due to be granted if the petitioners make a clear showing of error on the part of the trial court. Ex parte Alabama Power Co., supra.
The Alabama Legislature, in separate acts relating to Barbour, Coffee, and Jefferson Counties, has directed that sessions of the circuit court be held in two different courthouses in each of those counties. The petitioners contend that this Court's interpretation of the act establishing the two courthouses in Jefferson County (see Glenn v. Wilson,455 So.2d 2 (Ala. 1984)) and the act establishing the two courthouses in Coffee County (see Ex parte Humana, supra) makes a clear showing that the trial court erred in refusing to transfer the wrongful death action to the Eufaula Division of the Circuit Court of Barbour County.
Glenn v. Wilson, supra, involved the Bessemer Division of Jefferson County. Act No. 362, Acts of Alabama 1935, amending an earlier act, provides in pertinent part:
 "Section 2. The said Circuit Court of the Tenth Judicial Circuit, holding at Bessemer, as in this Act provided, shall have, exercise and possess, all of the jurisdiction and the powers which are now or which may hereafter be conferred by law on the several circuit courts of this state, which said jurisdiction and powers shall be exclusive in, limited to, and extend over that portion of the territory of the County of Jefferson, which is described as follows, to-wit: [description omitted], and from and over the above-mentioned and described territory all jurisdiction and powers heretofore or now exercised or existing therein by the Circuit Court of the Tenth Judicial Circuit as now held at Birmingham, is hereby expressly excluded."
In reference to an action filed in the Birmingham Division of the Circuit Court of Jefferson County, which should have been filed in the Bessemer Division, Justice Shores, in Glenn v.Wilson, 455 So.2d at 4-5, wrote for a unanimous Court:
 "However, we are convinced that — except for those cases which by their nature can be adjudicated only in a particular county, such as suits for partition of land, see Clark v. Smith, [191 Ala. 166, 67 So. 100 [1000] (1915)], or suits to enforce a lien on land, see United Supply Co. [v. Hinton Construction and Development, Inc., 396 So.2d 1047
(Ala. 1981)], both of which must be brought in the county where the land lies — suits 'arising in' the geographical boundaries of the Bessemer Cutoff but filed in Birmingham (or, vice versa, suits 'arising in' the Birmingham Division but filed in Bessemer) are subject to transfer to the proper division pursuant to the provisions of § 12-11-11, Code 1975. That statute, first adopted in 1915, reads as follows:
 " 'Whenever it shall appear to the court that any case filed therein should have been brought in another court in the same county, the court shall make an order transferring the case to the proper court, and the clerk or register shall forthwith certify the pleadings, process, costs and order to the court to which the case is transferred, and the case shall be docketed and proceed in the court to which it is transferred, and the costs accrued in the court in which the case was originally filed shall abide by the result of the case in the court to which transferred.'
 "The Bessemer Cutoff legislation does not diminish the general jurisdiction of other circuit courts, either in Jefferson or other counties. Therefore, in those Jefferson County cases subject to transfer to the other division pursuant to § 12-11-11, a claim for transfer based on the improper filing may be waived, just as in a suit filed in some other county the parties may waive claims of improper venue."
Ex parte Humana, supra, involved the Enterprise Division of Coffee County. Acts *Page 116 
of Alabama 1903, Act No. 360, provides in pertinent part:
 "Sec. 3. That the Circuit Court of Coffee County held in and for the Enterprise division shall have exclusive jurisdiction of all civil causes of which the Circuit Court of Coffee County has jurisdiction wherein the defendants reside in the district or territory East of said dividing line or where the cause of action arose east of said dividing line and of all real actions wherein the real estate involved is situated East of said dividing line; and of all criminal offenses committed within said territory East of said dividing line of which the Circuit Court of Coffee County has jurisdiction; and said Circuit Court shall empanel grand juries from and in said Enterprise division to inquire into and present all indictable offenses committed in said division. All civil and criminal processes issuing from the courts in said Enterprise division shall be so designated, and shall be returnable into the courts respectively, for said division."
In Ex parte Humana, 462 So.2d at 925, this Court granted a petition for a writ of mandamus directing the judge of the Circuit Court of Coffee County to transfer a case from the Elba Division of Coffee County, in which it had been filed, to the Enterprise Division of Coffee County:
 "In this case, it appears without dispute that the acts or omissions complained of occurred in the Enterprise Division of the Coffee County Circuit Court, not in the Elba Division. It is also without dispute that none of the defendants did business or does business in the Elba Division or resides in the Elba Division. To the contrary, all reside and do business in the Enterprise Division. Under the statute creating the two divisions, and under the reasoning of Glenn, supra, citing Code of 1975, § 12-11-11, the petitioners had a clear right to the relief prayed for, i.e., transfer of the cause to the Enterprise Division of the Coffee County Circuit Court."
Although the Jefferson County and Coffee County acts contain language referring to "exclusive jurisdiction" of the divisions, this Court has interpreted those acts as providing for the transfer of a case from one division to another division within the county based upon the principles of general venue law, not subject matter jurisdiction. See Glenn v.Wilson, supra, and Ex parte Humana, supra, decided in accordance with § 12-11-11.
In this case, the issue involves the Act, which provides, in pertinent part:
 "The circuit court for the county of Barbour shall be held, in each year, as follows: The first week of each term of said court shall be held at the courthouse of said county, in the town of Clayton. . . . The second week of each term of said court shall be held in the city of Eufaula, beginning on the second Monday after the court opens at Clayton, and may be continued until the business is disposed of. . . .
". . . .
 ". . . That whenever, from any cause, a civil . . . cause pending in said court at Clayton shall not be tried at Clayton during the first week of any term, the presiding judge may, at his discretion, set over said cause to be tried at Eufaula during the remainder of said term, whereupon the same shall be tried on the original papers, dockets and records, the same as if tried where the process was returnable, except that . . . in no civil case where the plaintiff or defendant shall reside in said county west of a line hereinafter described, the trial shall be held in Eufaula, without the consent of . . . such plaintiff and defendant in civil case [sic], or their attorneys of record, made in writing or announced in open court. [Description of line creating districts omitted.]
 ". . . That whenever a . . . civil case shall be pending in the court to be held at Eufaula, if the defendant shall reside west of said line described in Section 6, hereof, it shall be the duty of the said judge of the said court, on the application of such defendant or his attorney, in writing, or in open court, to transfer said cause to the court held in Clayton, to be there tried on the original papers the same as if the process had been originally returnable to Clayton. *Page 117 
 ". . . That whenever a civil . . . cause shall be pending in the circuit court to be held at Clayton, if the defendant shall reside east of said line described in Section 6, hereof, it shall be the duty of the judge of said court, on the application of such defendant or his attorney, in writing, or in open court, to transfer said cause to the court held in Eufaula, to be there tried on the original papers the same as if the process had been originally returnable to Eufaula."
The Act designating the time and place of holding circuit court in Barbour County differs substantially from the acts creating the Bessemer Division in Jefferson County and the Enterprise Division in Coffee County. Nothing indicates that this case should have been brought in the Eufaula Division of the Circuit Court of Barbour County, so as to require the circuit judge to transfer the case to that division under §12-11-11. Therefore, Glenn v. Wilson, supra, and Ex parteHumana, supra, are not precedent for holding that or persuasive on the proposition that Ala. Code 1975, § 6-3-7, requires that a wrongful death action against corporate defendants be brought by the personal representative in that geographical division of Barbour County where the injury occurred or that geographical division of Barbour County where the personal representative and dependent widower resides, provided the corporation does business there (Ex parte W.S. Newell, Inc., 569 So.2d 725
(Ala. 1990)). The Act gives a defendant in a civil action who resides west of the line a right to have an action brought against him in the Eufaula Division transferred to the Clayton Division and a defendant in a civil action who resides east of the line a right to have an action brought against him in the Clayton Division transferred to the Eufaula Division. For there to be a duty on the part of the trial court to transfer the action, the defendant or his attorney must apply for a transfer in writing, or in open court.
Insofar as civil actions are concerned, Barbour County is a single entity, and a cause of action arising in any geographical part of Barbour County can be filed in either courthouse in Barbour County, without violating the general venue laws of the state. The mere fact that defendants residing on one side or the other of a line have a waivable right, not unlike the right given to all parties by the general forum non conveniens statute (§ 6-3-21.1), to have the action tried in the courthouse in the division where the defendant, individual or corporate, resides, does not violate any constitutional provision.
OPINION WITHDRAWN; OPINION SUBSTITUTED; WRIT DENIED.
MADDOX, SHORES, INGRAM and COOK, JJ., concur.
[1] Ala. Code 1975, § 6-3-21.1, involves the exercise of discretion by a trial court. A writ of mandamus may also issue to compel the exercise of that discretion; however, it may not issue to control or revise the trial court's exercise of its discretion, except in a case of abuse of that discretion. Ex parte Canady,563 So.2d 1024 (Ala. 1990).