I concur fully with the main opinion. I write further only to make the following observations.
Section 12-11-11, Ala. Code 1975, provides:
 "Whenever it shall appear to the court that any case filed therein should have been brought in another court in the same county, the court shall make an order transferring the case to the proper court, and the clerk or register shall forthwith certify the pleadings, process, costs and order to the court to which the case is transferred, and the case shall be docketed and proceed in the court to which it is transferred, and the costs accrued in the court in which the case was originally filed shall abide by the result of the case in the court to which transferred."
"This statute vests in the court the power to order a transfer on his own motion. . . ." Ex parte Central of Georgia Ry.,243 Ala. 508, 513, 10 So.2d 746, 750 (1942). Civil actions for which venue is otherwise proper in Jefferson County, but which are filed in the wrong division — either in the Bessemer Division or in the Birmingham Division — "are subject to transfer to the proper division pursuant to the provisions of § 12-11-11, [Ala.] Code 1975." Glenn v. Wilson, 455 So.2d 2, 4 (Ala. 1984). Nonetheless, where the trial judge does not order such a transfer on his or her own volition, the right of a defendant to have the case transferred between divisions can be waived and lost if the defendant proceeds inconsistently with that option. See Centralof Georgia Ry., 243 Ala. at 513, 10 So.2d at 750; Glenn v.Wilson, 455 So.2d at 4-5.
In the present cases, as far as is revealed in the respective petitions, briefs, and answer filed by the parties, no one asked the trial judge to transfer either case to the Birmingham Division. Rather, the defendants sought a transfer only to Tuscaloosa County, and the two plaintiffs sought only to have their cases remain in the Bessemer Division. Unlike Ms. Knox, Ms. Adams mentions § 12-11-11 to this Court, stating in her answer to the petition for the writ of mandamus filed by Walter Industries, Inc., and Black Warrior Methane Corporation that "if this Court determines that venue is improper because of the Bessemer Act, then this action should be transferred to the Birmingham Division pursuant to the case law interpreting the *Page 555 
Act and Alabama Code § 12-11-11 (for actions commenced in the wrong `division' of a county)." Such a request, apparently never made to the trial court, comes too late to alter the right of the defendants to have the cases transferred to Tuscaloosa County. See § 6-3-21, Ala. Code 1975 ("A defendant in a civil action may move for a transfer of venue as provided in the Alabama Rules of Civil Procedure."), and Rule 82(d)(3), Ala. R. Civ. P. ("In the event the venue of the action is . . . improper and venue is appropriate in more than one other court, . . . multiple defendants, by unanimous agreement, shall have the right to select such other court to which the action shall be transferred. . . ."). Even if we assume that venue could properly have been laid in the Birmingham Division of the Jefferson Circuit Court for either or both cases, Tuscaloosa County is indisputably also a proper venue, as the main opinion explains.