905 So.2d 805 (2004)
Ex parte HANNA STEEL CORPORATION et al.
(In re Katie Lowery et al.
v.
Honeywell International, Inc., et al.)
1031773.
Supreme Court of Alabama.
November 12, 2004.
Rehearing Denied January 7, 2005.
*806 Sid J. Trant and Joel M. Kuehnert of Bradley Arant Rose & White, LLP, Birmingham, for petitioner Hanna Steel Corporation.
J. Banks Sewell III and Henry Gimenez of Lightfoot, Franklin & White, LLC, Birmingham, for petitioners Allied Signal, Inc., and Honeywell International, Inc.
James C. Huckaby, Jr., John W. Scott, and Julie N. Ehinger of Huckaby Scott & Dukes, Birmingham; and John L. Choate and Kathleen F. Bardell, Atlanta, Georgia, for petitioner Bailey PVS Oxides.
Robert H. Sprain, Jr., of Sadler Sullivan, P.C. Birmingham, for petitioner Certainteed Corp.
Alfred F. Smith, Jr., and Sela E. Stroud of Bainbridge, Mims, Rogers & Smith, LLP, Birmingham, for petitioner Fritz Enterprises, Inc.
H. Thomas Wells, Jr., and J. Alan Truitt of Maynard, Cooper & Gale, P.C., Birmingham, for petitioner United States Steel Corp.
Eugene D. Martenson and Frank E. Lankford, Jr., of Huie, Fernambucq & Stewart, LLP, Birmingham, for petitioner Vulcan Materials Co.
Patricia Clotfelter and Christopher C. Haug of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Birmingham, for petitioner W.J. Bullock, Inc.
Becky Thomason and Bill Thomason of Thomason, Hanson & Maples, LLC, Bessemer, for respondents.
PER CURIAM.
Hanna Steel Corporation; Allied Signal, Inc.; Bailey PVS Oxides; Certainteed Corporation; Fritz Enterprises, Inc.; Honeywell International, Inc.; United States Steel Corporation; Vulcan Materials Company; and W.J. Bullock, Inc. (hereinafter referred to as "the businesses"), defendants in an environmental-trespass action filed in the Bessemer Division of the Jefferson Circuit Court, petition *807 for a writ of mandamus challenging the trial court's order denying their motion for a change of venue. The petition asserts that venue in the Bessemer Division of the Jefferson Circuit Court is improper. We grant the petition and issue the writ.

I. Factual Background and Procedural History
Several residents of the community of Wylam filed an environmental-trespass action in the Bessemer Division of the Jefferson Circuit Court. In their complaint, the residents state that their residences are located in the Birmingham Division of Jefferson County and allege that the businesses "discharged particulates or gases into the atmosphere," which, they say, "traveled through the atmosphere and onto the [residents'] person and/or the [residents'] property." The complaint also states that some of the businesses conduct their business activities in the Bessemer Division of Jefferson County.
The businesses filed motions alleging improper venue in the Bessemer Division of the Jefferson Circuit Court and requesting that the trial court transfer the case to the Birmingham Division of the Jefferson Circuit Court. They argued that all of the residents' claims arose from wrongful acts the residents allege occurred to or on their property, which is located in the Birmingham Division. The residents responded, arguing that venue is proper in the Bessemer Division because three of the businesses have plants located on property that is in the Bessemer Division and one business's principal place of business is in the Bessemer Division. They further argued that because the alleged wrongful acts of three of the businesses occurred in the Bessemer Division, venue is proper there. The trial court denied the motions in an order stating, in pertinent part:
"This Court is well aware of the Supreme Court of Alabama's construction of 1919 Ala. Acts No. 213, as amended (hereinafter the Bessemer Act), recently re-affirmed in Ex parte Walter Indus. Inc., [879 So.2d 547 (Ala.2003)]. However, `legislative enactments are the primary guideposts for the venue of actions.' Ex parte Lamb, 400 So.2d 386, 387 (Ala.1981). This Court believes that the established interpretation of the Bessemer Act stands in direct conflict with Ala.Code § 6-3-7(d) and that the Alabama Legislature intended for that subsection to abrogate the Bessemer Act so far as it governed the venue of this Court.
"`Notwithstanding Section 6-3-10, or any local laws relating to venue, in any county having two courthouses, the divisions shall be treated as two separate judicial districts for purposes of venue and for purposes of any change or transfer of venue, unless the jury venire is drawn from throughout the entire county.'
"Ala.Code § 6-3-7(d). The legislature was clearly aware that [it was] changing the existing law and with the phrase `Notwithstanding Section 6-3-10, or any local laws relating to venue,' the legislature announced its intention for this subdivision to supersede the Bessemer Act and § 6-3-10 in as much as they conflicted.
"This Court finds that the purpose behind the enactment of Ala.Code § 6-3-7(d) was to clear up the confusion over the venue of actions in counties such as Jefferson, Barbour and Coffee where the jury venires are drawn exclusively from within the divisions. This is consistent with the overall purpose behind the entire 1999 revisions to the Ala.Code § 6-3-7, and it is consistent with the inclusion of the newly created subsection `d' with the new general venue statute. This Court believes that the only reasonable *808 interpretation of Ala.Code § 6-3-7(d) is that it operates to apply the general venue statute for corporations (Ala.Code § 6-3-7) to the divisions of Jefferson, Barbour and Coffee counties as if those divisions were actually separate counties.
"This Court is aware that Ex parte Walter Indus., Inc. was decided after the enactment of Ala.Code § 6-3-7(d), and this Court is aware that the main opinion applied the Bessemer Act and not Ala.Code § 6-3-7(d) in its discussion of venue in this Court. This may be seen by some as a tacit rejection of this Court's interpretation of Ala.Code § 6-3-7(d); however, the clear expression of the Legislature dictates this Court's finding.
"Pursuant to Ala.Code § 6-3-7(a)(2) venue is proper in the Bessemer Division as to all claims against United States Steel Corporation and/or Hanna Steel Corporation because those Corporations have their principal place of business in Alabama located in the Bessemer Division of Jefferson County. Venue as to all other defendants is proper pursuant to Rule 82(c) of the Alabama Rules of Civil Procedure."
In their mandamus petition, the businesses argue that the trial court improperly refused to transfer the action from the Bessemer Division to the Birmingham Division, and they ask this Court to direct the trial court to transfer the case to the Birmingham Division.

II. Standard of Review
In Ex parte Walter Industries, Inc., 879 So.2d 547 (Ala.2003), we addressed the standard of review of a ruling on a venue matter:
"`The question of proper venue for an action is determined at the commencement of the action.' Ex parte Pratt, 815 So.2d 532, 534 (Ala.2001). `If venue is not proper at the commencement of an action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper.' Ex parte Overstreet, 748 So.2d 194, 196 (Ala.1999). `A petition for a writ of mandamus is the appropriate means for challenging a trial court's refusal to transfer an action and such a petition is due to be granted if the petitioner makes a clear showing of error on the part of the trial court.' Ex parte Alabama Power Co., 640 So.2d 921, 922 (Ala.1994). `In considering a mandamus petition, we must look at only those facts before the trial court.' Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995)."
879 So.2d at 548-49.

III. Analysis
In Walter Industries, this Court reviewed the venue status of actions in the Bessemer Division of the Jefferson Circuit Court. We there reiterated the rule expressed in Ex parte Central of Georgia Ry., 243 Ala. 508, 10 So.2d 746 (1942), that the jurisdiction granted to the Bessemer Division is limited to those cases arising in that division. See also Ex parte Daimler-Chrysler Corp., 899 So.2d 928 (Ala.2004); and Ex parte State Farm Mut. Auto. Ins. Co., 893 So.2d 1111 (Ala.2004).
The residents do not dispute that their claims did not arise in the Bessemer Division. Instead, they argue extensively that § 6-3-7(d), Ala.Code 1975, abrogated Act No. 213, Ala. Acts 1919, as amended (hereinafter referred to as "the Bessemer Act"), and that the Bessemer Act, as construed by this Court in Walter Industries, has no application to the issue of venue in this case. Although Walter Industries dealt with whether venue in the Bessemer Division pursuant to the Bessemer Act is proper in a case where the cause of action *809 arose outside Jefferson County, the cause of action here arose within Jefferson County. The residents ask us to treat the subsequent enactment of § 6-3-7(d) as the basis for rejecting the construction placed on the Bessemer Act in Central of Georgia Railway, restricting venue in the Bessemer Division to causes of action arising within that division. In order to reach such a result, we would have to overrule our recent decision in Walter Industries, decided after the enactment of § 6-3-7(d) and citing with approval the construction of the Bessemer Act in Central of Georgia Railway. However, despite their extensive criticism of Walter Industries, the residents never ask us to overrule Walter Industries or Central of Georgia Railway.
Therefore, on the authority of Walter Industries and Central of Georgia Railway, we conclude that the trial court erred when it denied the businesses' motions to change venue to the Birmingham Division of the Jefferson Circuit Court.

IV. Conclusion
For the reasons previously stated, we grant the petition for a writ of mandamus and order the trial court to transfer this action to the Birmingham Division of the Jefferson Circuit Court.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and WOODALL, J., concur.
HOUSTON, J., concurs in the rationale in part and concurs in the result.
LYONS and JOHNSTONE, JJ., concur in the result.
HOUSTON, Justice (concurring in the rationale in part and concurring in the result).
Act No. 99-249, Acts of Alabama 1999, which enacted § 6-3-7(d), provides as follows in Section 2:
"All laws and parts of laws in this chapter [Chapter 3 of Title 6] that are in conflict with any of the provisions of this act shall be and are, to the extent of the conflict, repealed, and Section 6-3-5, Code of Alabama 1975, is specifically repealed...."
(Emphasis added.) The Bessemer Act (Act No. 213, Acts of Alabama 1919, as amended) does not appear in Chapter 3 of Title 6. Section 2 of Act No. 99-249 contained the following proviso after the above-quoted language:
"provided however, that nothing herein shall change, amend or otherwise affect more specific provisions in other chapters which provide for where actions may be filed, and without limitation, this act shall not repeal, alter or otherwise affect the provisions of Section 6-5-546 or Section 6-3-11, Code of Alabama 1975."
Acts of Alabama 1999, Vol. 1, p. 328 (emphasis added).
In my opinion, Act No. 99-249 did not revoke Act No. 213, as amended. It merely addressed the holding in Ex parte Chrysler Corp., 659 So.2d 113 (Ala.1995), where I, writing for a unanimous division of the Supreme Court, wrote:
"Insofar as civil actions are concerned, Barbour County is a single entity, and a cause of action arising in any geographical part of Barbour County can be filed in either courthouse in Barbour County, without violating the general venue laws of the state."
659 So.2d at 117.
Barbour County has had two courthousesone in the county seat of Clayton and the other in Eufaulasince the enactment of Act No. 106, Acts of Alabama 1878-79 (amended by Act No. 888, Acts of Alabama 1969).
*810 In Ex parte Chrysler Corp., the defendants in a wrongful-death action argued that the Eufaula and Clayton divisions of Barbour County should be treated as two separate judicial districts for venue purposes, citing Glenn v. Wilson, 455 So.2d 2, 4-5 (Ala.1984), which applied to Jefferson County, and Ex parte Humana, Inc., 462 So.2d 922, 925 (Ala.1985), which applied to Coffee County. The wording of the local act, as amended, pertaining to Barbour County did not permit the interpretation that the Clayton division and the Eufaula division were two separate judicial districts for purposes of venue. Jefferson, Coffee, and Barbour Counties drew jurors not from the county at large, but from the separate divisions of the counties. (St. Clair County also had two courthouses, but it drew jurors from the county at large to serve at both courthouses.) Because Barbour County had been held to be a single entity, there was nothing to justify drawing juries from geographical divisions less than the county as a whole, until Ala.Code 1975, § 6-3-7(d), was enacted in 1999, which provided that "the divisions shall be treated as two separate judicial districts for purposes of venue and for purposes of any change of venue, unless the jury venire is drawn from throughout the entire county."
In my opinion, § 6-3-7(d) has the limited effect of making the Clayton division and the Eufaula division of Barbour County separate judicial districts for purposes of venue to justify the selection of jurors from within those two divisions rather than from the entire county.
LYONS, Justice (concurring in the result).
This case involves venue in the Bessemer Division of the Jefferson Circuit Court, as did Ex parte Walter Industries, Inc., 879 So.2d 547 (Ala.2003), a case in which I dissented, and as did Ex parte DaimlerChrysler Corp., 899 So.2d 928 (Ala.2004), which I authored. In DaimlerChrysler, we were asked to overrule Walter Industries without sufficient argument, and we declined to do so. In this case, the residents challenge the holding in Walter Industries with the argument that § 6-3-7(d), Ala.Code 1975, should control. I expressed in my dissent in Walter Industries the view that § 6-3-7(d) governed; however, in this proceeding, the residents never ask us to overrule Walter Industries, decided after § 6-3-7(d), or Ex parte Central of Georgia Ry., 243 Ala. 508, 10 So.2d 746 (1942), the case relied upon in Walter Industries for the conclusion that venue in the Bessemer Division is limited to lawsuits upon causes of action arising within the division.
Without a specific request to overrule prior precedent in a setting where no argument can be made that the precedent has already been overruled sub silentio by previous decisions, a court taking such action sua sponte cuts off an adverse party's right to have the court consider the important subordinate questionassuming the precedent was wrongly decided, whether stare decisis requires adherence to it. See, e.g., United States v. Johnson, 481 U.S. 681, 703, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987) (Scalia, J., dissenting) ("We have not been asked by respondent to overrule Feres [v. United States, 340 U.S. 135 (1950)], and so need not resolve whether considerations of stare decisis should induce us, despite the plain error of the case, to leave bad enough alone."). Therefore, I must concur in the result.
JOHNSTONE, J., concurs.