HOUSTON, Justice
(concurring in the rationale in part and concurring in the result).
Act No. 99-249, Acts of Alabama 1999, which enacted § 6-3-7(d), provides as follows in Section 2:
“All laws and parts of laws in this chapter [Chapter 3 of Title 6] that are in conflict with any of the provisions of this act shall be and are, to the extent of the conflict, repealed, and Section 6-3-5, Code of Alabama 1975, is specifically repealed.... ”
(Emphasis added.) The Bessemer Act (Act No. 213, Acts of Alabama 1919, as amended) does not appear in Chapter 3 of Title 6. Section 2 of Act No. 99-249 contained the following proviso after the above-quoted language:
“provided however, that nothing herein shall change, amend or otherwise affect more specific provisions in other chapters which provide for tvhere actions may be filed, and without limitation, this act shall not repeal, alter or otherwise affect the provisions of Section 6-5-546 or Section 6-3-11, Code of Alabama 1975.”
Acts of Alabama 1999, Vol. 1, p. 328 (emphasis added).
In my opinion, Act No. 99-249 did not revoke Act No. 213, as amended. It merely addressed the holding in Ex parte Chrysler Corp., 659 So.2d 113 (Ala.1995), where I, writing for a unanimous division of the Supreme Court, wrote:
“Insofar as civil actions are concerned, Barbour County is a single entity, and a cause of action arising in any geographical part of Barbour County can be filed in either courthouse in Barbour County, without violating the general venue laws of the state.”
659 So.2d at 117.
Barbour County has had two courthouses — one in the county seat of Clayton and the other in Eufaula — since the enactment of Act No. 106, Acts of Alabama 1878-79 (amended by Act No. 888, Acts of Alabama 1969).
*810 In Ex parte Chrysler Corp., the defendants in a wrongful-death action argued that the Eufaula and Clayton divisions of Barbour County should be treated as two separate judicial districts for venue purposes, citing Glenn v. Wilson, 455 So.2d 2, 4-5 (Ala.1984), which applied to Jefferson County, and Ex parte Humana, Inc., 462 So.2d 922, 925 (Ala.1985), which applied to Coffee County. The wording of the local act, as amended, pertaining to Barbour County did not permit the interpretation that the Clayton division and the Eufaula division were two separate judicial districts for purposes of venue. Jefferson, Coffee, and Barbour Counties drew jurors not from the county at large, but from the separate divisions of the counties. (St. Clair County also had two courthouses, but it drew jurors from the county at large to serve at both courthouses.) Because Barbour County had been held to be a single entity, there was nothing to justify drawing juries from geographical divisions less than the county as a whole, until Ala.Code 1975, § 6-3~7(d), was enacted in 1999, which provided that “the divisions shall be treated as two separate judicial districts for purposes of venue and for purposes of any change of venue, unless the jury venire is drawn from throughout the entire county.”
In my opinion, § 6 — 3—7(d) has the limited effect of making the Clayton division and the Eufaula division of Barbour County separate judicial districts for purposes of venue to justify the selection of jurors from within those two divisions rather than from the entire county.