CHÁVEZ, Chief Justice, specially concurring. {39} I concur in the majority opinion with the exception of Section 11(D), which discusses double jeopardy. I concur in the result of Section 11(D). {40} Regarding the double jeopardy analysis in Section 11(D), I agree that stare decisis prevents this Court from overruling precedent where the parties have not specifically argued the issue. Majority Opinion ¶ 34. I agree that, before overturning precedent, the factors we have identified for so doing must first be satisfied. Id. Defendant does not make a case for us to overrule our precedent by applying the factors relevant to a stare decisis analysis. Defendant simply asks us to reconsider the holding in State v. Dominguez, 2005-NMSC-001, 137 N.M. 1, 106 P.3d 563. This unilluminating request lacks the disciplined approach we have required in numerous opinions on the subject of stare decisis. Defendant does not even advance an argument that stare decisis requires a different approach when constitutional rights are implicated. {41} Absent such arguments, we in essence raise the issue of overturning our precedent sua sponte. Doing so will in my opinion do more harm than good. See State v. Worrall, 1999 MT 55, ¶ 71, 293 Mont. 439, 976 P.2d 968 (Gray, J., concurring in part and dissenting in part) (disagreeing with the decision to modify a number of cases which no party had requested to be modified, stating “[W]e must zealously guard against the inclination to become cavalier in ignoring the importance of stare decisis ... once we start raising and resolving issues sua sponte which result in overruling controlling precedent, we will be unable to restrain ourselves.... ”); Ex parte Hanna Steel Corp., 905 So.2d 805, 810 (Ala.2004) (Lyons, J., concurring in the result) (“Without a specific request to overrule prior precedent ... a court taking such action sua sponte cuts off an adverse party’s right to have the court consider the important subordinate question-assuming the precedent was wrongly decided, whether stare decisis requires adherence to it.”). {42} However, I cannot agree with the statement in paragraph 35 of the majority opinion that we do not find “any reason to depart from our precedent” regarding the double jeopardy analysis in State v. Gonzales, 113 N.M. 221, 225, 824 P.2d 1023, 1027 (1992) and Dominguez. To agree with this statement would be a signal that I have abandoned my concerns with our double jeopardy analysis in this area. I hesitate to abandon my concerns because I firmly believe that our precedent is not in line with United States Supreme Court precedent regarding double jeopardy. A defendant who kills a victim in a single homicidal act should only be prosecuted under the homicide statutes absent a clear declaration by the Legislature that it intended punishment under multiple statutes. The Legislature is quite capable of articulating when it intends multiple punishments to apply. The following are examples of the Legislature expressing its intent to punish unitary conduct under more than one statute. NMSA 1978, § 30-6A-3(G) (1984, amended 2007) (“The penalties provided for in this section shall be in addition to those set out in Section 30-9-11 NMSA 1978.”); NMSA 1978, § 30-31-26(A) (1972) (“Any penalty imposed for violation of the Controlled Substances Act [§§ 30-31-1 to -28, 30-31-30 to -40 NMSA 1978] is in addition to any civil or administrative penalty or sanction otherwise provided by law.”); NMSA 1978, § 30-45-6(A) (1989) (“Prosecution pursuant to the Computer Crimes Act [§§ 30-45-1 to -7 NMSA 1978] shall not prevent any prosecutions pursuant to any other provisions of the law where such conduct also constitutes a violation of that other provision.”); NMSA 1978, § 30-52-l(D) (2008) (“Prosecution pursuant to this section shall not prevent prosecution pursuant to any other provision of the law when the conduct also constitutes a violation of that other provision.”). {43} I have previously expressed my disagreement with the approach taken by this Court in Gonzales, and I will not elaborate further. See Dominguez, 2005-NMSC-001, ¶¶ 37-39, 137 N.M. 1, 106 P.3d 563 (Chávez, J., dissenting); State v. Armendariz, 2006-NMSC-036, ¶¶ 32-39, 140 N.M. 182, 141 P.3d 526 (Chávez, J., concurring in part and dissenting in part). I will not vote to overturn controlling precedent unless I am persuaded to do so after I have had the benefit of full briefing and argument on the relevant factors for overturning our precedent. Accordingly, I concur in the result of Section 11(D).