# Clark, *et al. v.* Smith, *et al.*

## *Partition.*

(Decided January 14, 1915. 67 South. 1000.)

*Partition; Venue; Void Decree; Dismissal.*—Where the entire land sought to be partitioned was situated in the county of Bibb, the chancery court of Jefferson county was without jurisdiction to entertain a bill for its partition, and any decree entertained or entered thereon by the chancery court of Jefferson county, was coram non judice, and void, and no appeal will lie therefrom; the jurisdiction depending upon the location of the land under sections 5203, 5222 and 5231, Code 1907, the last as amended by Acts 1909, p. 124

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Carlton G. Smith and others, against Julia F. Clark and others, filed in the chancery court of Jefferson county, for the partition or division of land lying wholly within Bibb county. From a decree overruling demurrers to the bill, respondents appeal. Appeal dismissed.

[Clark, et al. v. Smith, et al.]

FRANK S. WHITE & SONS, for appellant.

PERCY, BENNERS & BURR, for appellee.

McCLELLAN, J.—This is a bill whereby a sale for division, or, failing that, partition, of land among joint owners or tenants in common, is sought. It appears from the averments of the bill that the entire lands lie in Bibb county, Ala.; whereas, this bill was filed in the chancery court of Jefferson county, Ala.

Jurisdiction in such cases is determined by the location with respect to county of the lands sought to be sold for division or to be partitioned.—Code, §§ 5203, 5222, and section 5231, as amended by the act of 1909 (Acts Sp. Sess. 1909, p. 124).—*Trucks v. Sessions,* 189 Ala. 149, 66 South. 79. If the lands constituting a single tract lie in two or more counties, the jurisdiction of the equity courts of any one of the counties may be appropriately invoked to partition or sell for division. Code, § 3093, is not applicable; for the particular jurisdiction under inquiry is governed by the statutory system provided for the sale of lands for division among joint owners or tenants in common. The decisions delivered in *Ashurst v. Gigson,* 57 Ala. 584, and in *Reeves v. Brown,* 103 Ala. 537, 15 South. 824, concerned bills wherein the foreclosure of mortgages was sought; and hence were cases governed, as respected the jurisdiction invoked, by the substance of Code, § 3093.

On the face of the bill, the chancery court of Jefferson county is without jurisdiction in the premises. Any decree entertained on the averments of this bill by the chancery court of Jefferson county would be void for want of jurisdiction.

The decree overruling the demurrer was coram non judice, and void. The appeal is therefore dismissed.

Appeal dismissed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ. concur.