95 So.2d 798

Carrie BERRY

v.

Louis BERRY et al.

4 Div. 899.

Supreme Court of Alabama.

May 9, 1957.

Rehearing Denied June 20, 1957.

C. L. Rowe, Elba, for appellant.

John C. Walters, Troy, for appellees.

254

LAWSON, Justice.

The question presented is whether the equity court of a county in which is situated some of the land sought to be sold for division of proceeds among joint owners may validly order the sale of a separate and distinct tract of land owned by the same joint owners which is located in another county.

■ The power of a court of equity in this state to sell jointly owned lands for division of proceeds among the joint owners is statutory. Hall v. Hall, 250 Ala. 702, 35 So.2d 681; Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Donnor v. Quartermas, 90 Ala. 164, 8 So. 715; Lyon v. Powell, 78 Ala. 351. Section 186, Title 47, Code 1940, provides: "The circuit court shall have original jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common; whether the defendant denies the title of complainant or sets up adverse possession or not; and the court in exercising its jurisdiction shall proceed according to its own practices in equity cases." The provisions just quoted are in all material respects the same as the provisions of Act No. 123, approved August 25, 1909, General and Local Acts, Special Session, 1909, p. 124. For a discussion of the history of the legislation leading up to the passage of the 1909 Act, supra, and the changes brought about by that act, see Sandlin v. Anders, supra. It is by virtue of the statute, the provisions of which we have quoted above, that an equity court now has original jurisdiction to sell lands for division. Drake v. Drake, 262 Ala. 609, 80 So.2d 268. But as indicated above, an equity court has no inherent jurisdiction to order the sale of lands for division. Hoffman v. Jordan, 263 Ala. 23, 81 So.2d 546.

Neither § 186, Title 47, supra, nor any other statute in this state makes express provision for an equity court of one county to order the sale for division of lands located in another county whether the lands in the two counties are contiguous or constitute separate tracts. However, there is no statute saying that an equity court may not do so.

But we have said "that the power of a court of equity to sell for division is tied in with section 210, Title 47, Code * * *" Hall v. Hall, supra [250 Ala. 702, 35 So.2d 683]. Section 210, Title 47, Code 1940, reads:

"Any property, real or personal, held by joint owners or tenants in common, on the written application of any one or more of them, may be decreed to be sold by the probate court of the county in which such property is situated, or, in case of land lying in different counties, of either of such counties, *whether such lands are adjacent or contiguous*, when the same cannot be equitably divided or partitioned among them, notwithstanding they, or any of them, are infants or persons of unsound mind, and the application may be made by the executor or administrator of a deceased person in interest, or by the guardian of a minor or person of unsound mind. Such lands shall be sold in the county where the decree is rendered, unless otherwise directed by order of the court, upon rendition of the final decree ordering such sale. The decree of sale and the decree confirming the sale shall be recorded in all counties where any of the land is situate. And a certified copy of such record of these decrees shall be admissible in and prima facie evidence of

their contents in all the courts of this state." (Emphasis supplied.)

The words which we have italicized above were added to the provisions codified as § 5222, Code 1907, by an act approved September 29, 1923, General Acts 1923, p. 659. The 1923 Act, supra, followed our case of Pollard v. Jackson, 204 Ala. 31, 85 So. 431, decided in 1920, wherein we held that the provisions of § 5222, Code 1907, did not authorize the probate court of a county in which a part of the land was located to direct the sale of a separate tract of land situate in another county.

In the case of Clark v. Smith, 191 Ala. 166, 67 So. 1000, decided in 1915, this court held that the chancery court of Jefferson County was without jurisdiction to entertain a bill for the sale of lands all of which were located in Bibb County. In that case it was pointed out that § 3093 of the Code of 1907, the provisions of which are now codified as § 294 of Title 7, Code 1940, which provisions relate to the county in which a bill in equity must be filed, had no application, saying in part: " * * * the particular jurisdiction under inquiry is governed by the statutory system provided for the sale of lands for division among joint owners or tenants in common."

It is apparent from a reading of the opinion in the case of Clark v. Smith, supra, that the "statutory system" to which reference was there made was that which resulted from a consideration of the statutory provisions which relate not only to the equity court but to the probate court. The opinion discloses that the court entertained the view that the chancery court of Jefferson County could have ordered the sale of lands situated in Bibb County if the Bibb County lands had been adjacent or contiguous to lands situated in Jefferson County, the sale of which was also sought. This conclusion could only have been based on the provisions of § 5222, Code 1907, which authorized the probate court of one

county to order the sale for division of proceeds among tenants in common of lands "lying partly in different counties," but not where the lands in the two counties constituted separate tracts.

We are of the opinion that the reasoning in Hall v. Hall, supra, and Clark v. Smith, supra, is applicable to this case and that the provisions of § 210, Title 47, Code 1940, when considered in connection with the statute which confers "original jurisdiction" on equity courts in this state (§ 186, Title 47, supra) requires an affirmative answer to the question which was stated in the opening paragraph of this opinion.

In view of the foregoing, we hold that the circuit court of Coffee County, in equity, acquired jurisdiction to order the sale of the lands situate in Dale County prior to the filing of the appellees' bill in that county. Since the circuit court of Coffee County, in equity, had acquired jurisdiction prior to the time appellees filed their bill in the circuit court of Dale County, in equity, we are of the opinion that the plea in abatement filed in the circuit court of Dale County, in equity, by the appellant, Mrs. Carrie Berry, to the bill filed in that court by the appellees was sufficient and that the trial court erred in holding it insufficient. See Dorrough v. McKee, 264 Ala. 663, 89 So.2d 77. Such action of the trial court is properly assigned as error on this appeal from a final decree ordering the sale of the Dale County lands for division. Dorrough v. McKee, supra. It follows that the decree of the circuit court of Dale County, in equity, is due to be reversed and the cause remanded for further proceedings consistent with this opinion. It is so ordered.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.