This is an appeal by the intervenors, Joseph P. and June C. Jetton, from a judgment of March 24, 1986, confirming the sale of certain property located in Marshall County, Alabama.
The pertinent facts are as follows. This action began on June 3, 1976, when plaintiff Nancy Ray Jetton filed a complaint against defendants Diane Jetton Howard and her husband Joe Howard. Plaintiff alleged that on March 1, 1969, she and her sister, defendant Dianne Jetton Howard, each owned an undivided one-half remainder interest in fee in approximately 253 acres of farmland located in Marshall County. Appellant Joseph P. Jetton had a life estate in the property. Plaintiff contended that, based on a series of misrepresentations made by defendant Diane J. Howard to plaintiff, plaintiff was fraudulently induced to sell her interest in the Marshall County property to that defendant. Plaintiff sought voidance of the deed and prayed for $200,000 plus costs.
On June 21, 1976, Joseph P. Jetton and June C. Jetton (intervenors) moved to intervene in the present cause.
On June 12, 1978, the parties entered into an agreement and a consent judgment was entered that date settling all issues and controversies between them relating to the real property in issue. The consent judgment ordered a judicial sale of the real property in which all of the parties agreed to an interest and a division of the proceeds according to a formula set out in the judgment.
On August 8, 1978, the intervenors filed a motion to set aside the consent judgment of June 12, 1978. This motion was denied on December 19, 1978. On October 4, 1979, the trial court entered an order stating that all judgments previously entered were final and appealable. On October 31, 1979, the intervenors filed a "motion for rehearing" asking the trial court to set aside its order entered on October 4, 1979. *Page 758 
This motion was denied on December 21, 1979.
On May 15, 1984, the trial court entered an order, on motion of the parties, staying the scheduled sale and authorizing the parties to secure an auctioneer or auction company to assist in the sale of the property.
On April 12, 1985, the trial court entered an order dissolving all previous stays and directing a sale of the subject property in accordance with the previous consent judgment. The sale was advertised and was conducted on February 27, 1986. On February 28, 1986, the clerk filed a report of sale.
On March 3, 1986, the trial court entered an order setting the report of sale for hearing and consideration on March 14, 1986, and directing that any exceptions to the report be filed forthwith. A hearing was held by the trial court on the clerk's report on March 14, 1986. On the day of the hearing, intervenors filed an "Objection to Sale." Following the hearing the trial court took the matter under advisement and on March 24, 1986, entered a judgment confirming the sale. The intervenors filed this appeal on April 23, 1986, contending that the trial court erred when it confirmed the sale because: (1) Joseph P. Jetton did not receive adequate compensation for his life estate in the disputed property; (2) the trial court did not instruct the intervenors to obtain legal counsel before approving the consent judgment; (3) the sale and distribution of proceeds were improper; and (4) it was not shown that the price of the property was adequate.
The appellees, Nancy Ray Jetton and Diane Jetton Howard, state that most of the contentions raised by intervenors in this appeal are attacking the June 12, 1978, consent judgment. An attack on that judgment in this proceeding, appellees contend, cannot be considered because, they say, an appeal of that judgment is now untimely. Appellees state that the June 12, 1978, consent judgment was in all respects a final judgment because it ascertained and settled equities between the parties. Furthermore, they point out that, to remove any uncertainties about the finality of that judgment, the trial court, on October 4, 1979, entered an order explicitly stating that all judgments previously entered were final judgments and appealable. The appellees note that the intervenors then filed a timely motion for rehearing, which was denied on December 21, 1979. Consequently, appellees argue that a review of the June 12, 1978, judgment is not available in an appeal from the March 24, 1986, judgment, because the notice of appeal in this case was not filed within 42 days from June 12, 1978, or from December 21, 1979, when the intervenors' motion for rehearing was denied.[1]
It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved. Kelley v. U.S.A. Oil Corp.,363 So.2d 758 (Ala. 1978); Alabama Public Service Commission v.Redwing Carriers, Inc., 281 Ala. 111, 199 So.2d 653 (1967). However, as this Court has previously noted, decrees and orders entered in equity proceedings involving the sale of real property for division of the proceeds present an unusual situation:
 "Equity decrees may be partly final and partly interlocutory. A decree which ascertains and declares the rights of the parties and settles the equities is a final decree, although it provides for further proceedings under the direction of the court in order to make the final decree effective, such decree is interlocutory and remains within the control of the *Page 759 
court because as to such decree and further proceedings thereunder the cause remains in fieri. * * *
 "This rule is strikingly illustrated in suits in equity to sell lands for division. When the court orders the land sold, that decree is final insofar as it will support an appeal. Three illustrations of our entertaining appeals from such decrees are Berry v. Berry, 266 Ala. 252, 95 So.2d 798; Coppett v. Monahan, 267 Ala. 572, 103 So.2d 169; Raper v. Belk, 276 Ala. 370, 162 So.2d 465. We have also held that the decree confirming the sale is the final decree in judicial proceedings for the sale of lands for division, Pettit v. Gibson, 201 Ala. 177, 77 So. 703; and that a sale of land for division among joint owners is not binding until confirmed by the court."
Taylor v. Taylor, 398 So.2d 267, 269 (Ala. 1981), quotingSexton v. Sexton, 280 Ala. 479, 195 So.2d 531 (1967).
Thus, the intervenors could have appealed either from the judgment on June 12, 1978, ordering the sale of the land, or from the judgment on March 24, 1986, confirming the sale. The intervenors appealed from the confirmation judgment. They were entitled to raise objections arising from both the initial judgment ordering the land sold, and from the judgment confirming the sale, so long as the trial judge was given an opportunity to rule on such objections, and, in this case, he was.
Appellees next contend that the judgment of June 12, 1978, ordering the sale of land is not reviewable because it was a consent judgment. We agree.
This Court has held that generally consent judgments are not reviewable on appeal because the consent of the parties waives prior irregularities and constitutes a release of errors.Echols v. Star Loan Co., 290 Ala. 76, 274 So.2d 51 (1973); Cityof Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160 (1953);Gossett v. Pratt, 250 Ala. 300, 34 So.2d 145 (1947). 4 C.J.S.Appeal Error § 213 p. 629-30 (1957) provides:
 "Since a party may appeal only from an involuntary adverse judgment, it is a well settled general rule, declared in some states by express statutory provision, that a party is not aggrieved by a judgment, order, decree, or ruling regularly rendered or made, on agreement or otherwise, with his express or implied consent, and therefore he cannot appeal or sue out a writ of error to review it, even though there has been an attempt to reserve the right to appeal. . . . A party consenting to a judgment is conclusively presumed to have waived all errors, except those going to the jurisdiction of the court."
We find no reason in the present case to depart from the general rule that consent judgments are not reviewable. Therefore, we do not address the intervenors' contention that Joseph P. Jetton did not receive adequate compensation for his life estate in the property, since the consent judgment determined the intervenors' share of the proceeds. For the same reasons, we do not consider the similar contention that the sale of the land and the distribution of the proceeds therefrom were improper because intervenors "lost not only their property interest, but also Joseph P. Jetton's life estate, without adequate compensation." Again, we note that the sale and the distribution were in accordance with the consent judgment.
The intervenors also argue that it was error for the court not to instruct them to obtain legal counsel before approving their agreement. We know of no case or rule, nor has one been cited to us, mandating that a party have legal counsel in order to settle civil litigation of this sort. To the contrary, pursuant to Ala. Code (1975), § 34-3-19, this State recognizes that any person may manage his or her own case. We find no merit in this contention.
Finally, the intervenors contend that "the price at which the said property was sold was not shown to be its good faith market value."
This Court has held that the matter of confirmation of judicial sales rests "peculiarly" upon the wise discretion of trial courts and that a trial court's decision "is *Page 760 
of weighty consideration on review" and will not be disturbed unless the conclusion is palpably erroneous and manifestly unjust. Martin v. Jones, 268 Ala. 286, 105 So.2d 860 (1958);Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621 (1949); Campbellv. Carter, 248 Ala. 294, 27 So.2d 490 (1946).
When property is purchased at a judicial sale by a stranger to a proceeding, the sale will not be set aside for mere inadequacy of price, no matter how gross, in the absence of a showing of fraud; the burden for showing fraud is on the party attacking the sale. Martin v. Jones. Even where the purchaser at a judicial sale is not a stranger, the sale will be confirmed if the price is measurably adequate and not greatly less than market value, even if someone else would have bid a larger sum. Sanford v. Sanford, 355 So.2d 365 (Ala. 1978). In every such case all presumptions are indulged to sustain the trial court's conclusion. Sanford v. Sanford; Martin v. Jones,supra. Furthermore, the burden of proof is upon one who attacks a judicial sale to show its invalidity. See Martin v. Jones,supra; Sexton v. Harper, 210 Ala. 691, 99 So. 89 (1924).
The intervenors' "Objection to Sale" filed on the day of the hearing of the clerk's report of the sale points out no defect in the sale and does not challenge the adequacy of the sale price. The record reveals that at the hearing the trial judge specifically asked the intervenors' counsel if he had any evidence to present about the sale. Counsel responded that he had no evidence to offer on the subject of the sale, or on the value of the property, or on the fairness of the sale. Since the intervenors offered no evidence, they have not discharged the burden of proving some irregularity in the sale or inadequacy of the sale price.
The only evidence offered at this hearing was the testimony of appellees' witness that the sale price was reasonable. It is argued by the intervenors that this witness was not shown to be an expert. It is not necessary that a person be an expert in order to testify to the value of his own land. Sanford v.Sanford, supra; Adler Co. v. Pruitt, 169 Ala. 213, 53 So. 315
(1910).
Having found no error, we affirm the trial court's order confirming the sale.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.
[1] It would appear that if the June 12, 1978, judgment was "final and appealable" as of that date, then the trial court could not make it more so by its order of October 4, 1979; and, if the time for appeal from the June 12, 1978, judgment had expired, there would be a serious question whether the right to appeal could be revived by the order of October 4, 1979. However, we need not consider those problems, because the appeal in this case was not taken from either that 1978 judgment ordering the sale or from the 1979 clarifying order, but from the 1986 order confirming the sale.