JONES, Justice.
We review this question: Where the plaintiff’s “Verified Statement Of Lien” was appropriately filed in the Birmingham Division of Jefferson County (the situs of the real estate), did the trial court err in transferring the plaintiff’s subsequently filed suit to enforce the lien from the Bessemer Division to the Birmingham Division of the circuit court?
Under the authority of United Supply Co. v. Hinton Construction & Development, Inc., 396 So.2d 1047 (Ala.1981); and Glenn v. Wilson, 455 So.2d 2 (Ala.1984), an in rem proceeding to enforce a lien on real estate for an equitable partition of real estate or a sale of real estate for division of the proceeds can not be maintained in a county other than where the subject real estate is located. We agree with the respondent that the specific holding in neither United Supply nor Glenn speaks directly to the question of transfer of the cause filed in the wrong county, where the notice of lien was previously filed in the right county. Clark v. Smith, 191 Ala. 166, 67 So. 1000 (1915). Nonetheless, we now hold that, because of the nature of such in rem proceedings, the transfer of the eause after the lapse of the six-month statutory period (Ala. Code 1975, § 35-11-221) does not operate to revive the suit as one to enforce a lien.
Both the filing of the notice of a lien and the filing of suit to enforce the lien, for obvious title-search reasons, must be timely filed in the county where the real property lies. Where, as here, the suit to enforce the lien was filed in the wrong county (Bessemer Division of Jefferson County) within the six-month statutory period, but the cause was transferred to the right county (Birmingham Division of Jefferson County) after the expiration of the six-month period, the transferred cause loses its in rem character and survives the transfer merely as an in personam proceeding. On the condition that the transferred cause is an in personam proceeding for breach of contract or a suit on a debt, the petition for writ of mandamus is denied.
WRIT DENIED CONDITIONALLY.
ALMON, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ„ concur.
HORNSBY, C.J., concurs specially.