HORNSBY, Chief Justice
(concurring specially).
I specially concur to clarify an inconsistency in Glenn v. Wilson, 455 So.2d 2 (Ala.1984). At one point, Glenn says that “it would have been appropriate for the court in the Birmingham Division to transfer the case to the Bessemer Division, in accordance with § 12-11-11, Code 1975.” Id. at 4. At a later point, when discussing with approval the holding of Clark v. Smith, 191 Ala. 166, 67 So. 1000 (1915), and Unit *390 ed Supply Co. v. Hinton Construction & Development, Inc., 396 So.2d 1047 (Ala.1981), the opinion says that cases such as Clark and United Supply are not subject to transfer. The first statement is correct. While a case involving land can be tried only in the division in which the land lies, because that is the only place where the court will have jurisdiction to hear the case, under the statute another court within the county can transfer the case to the proper court. An action to enforce a lien can continue, assuming that the transfer is accomplished within the time limits for initiating such an action within the proper division.
Restrictions on the transfer of cases typically occur because the transferring court does not have the authority to transfer the case to a court of another sovereign. For example, see the difference in treatment of cases where a claim is raised that the case should be tried elsewhere for the convenience of the parties where the transferee court is out of the state and those cases where the transferee court is not out of the state. Under Code 1975, § 6-5-430, if the cause of action arose outside the state, the court dismisses the case so that it can be refiled in the more appropriate out-of-state forum. Under Code 1975, § 6-3-21.1, intrastate transfer of the case is authorized.