RICHARD L. HOLMES, Retired Appellate Judge.
Steven M. Bono and Cynthia Bono appeal from the circuit court’s judgment which awarded compensation to Joe Hamilton, Louise Hamilton, Lloyd Gentry, Alberta Gentry, David Norris, and Joan Norris (landowners) for the condemnation of portions of the landowners’ respective properties.
This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal, the Bonos contend that the amounts of these awards were excessive and were not in accordance with the evidence presented at trial. The Bonos assert that because none of the landowners obtained appraisals of either the landowners’ respective properties or of that portion which was the subject of the condemnation, then none of the landowners presented any credible evidence at trial of the fair market value of that portion of the property which was condemned.
Our review of the record reveals the following pertinent facts: The Bonos own a landlocked tract of land. They filed in the probate court a petition for an order of condemnation. In this petition the Bonos sought to acquire for the purpose of ingress and egress to their landlocked property a right-of-way across certain properties owned by the Hamiltons, the Gentrys, and the Nor-rises.
The probate court appointed three commissioners to assess the damages that the landowners would sustain and to file a report with the court concerning these findings. These commissioners filed a report, assessing the damages as follows: $5,000 to the Hamil-tons, $5,000 to the Gentrys, and $1,500 to the Norrises.
The probate court issued an order confirming the report of the commissioners and stating that the condemnation would be effective upon payment of the assessed damages. The Bonos appealed to the circuit court for a trial de novo on the issue of damages.
Steven Bono, David Norris, Joe Hamilton, and Lloyd Gentry were the only witnesses who testified at the trial de novo. Norris testified that the damages to his property would total between $5,000 and $10,000. Hamilton testified that the damages to his property would total $15,000, plus $600 for the loss of a fence. Gentry testified that the damages to his property would total $10,000.
After the trial the circuit court issued a judgment, which awarded $6,000 to the Ham-iltons, $6,000 to the Gentrys, and $2,500 to the Norrises.
Our supreme court has previously stated, “[i]t is not necessary that a person be an expert in order to testify to the value of his own land.” Jetton v. Jetton, 502 So.2d 756, 760 (Ala.1987).
In light of the above, the judgment of the circuit court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.