BRYAN, Judge.
 

 Lorenza Bedgood (“Lorenza”), acting pro se, appeals from a judgment ordering a sale of property for a division of the proceeds. Because Lorenza did not timely file his notice of appeal, we dismiss the appeal.
 

 “The timely filing of a notice of appeal is a jurisdictional act.
 
 Kennedy v. Merriman,
 
 963 So.2d 86, 88 (Ala.Civ.App.2007) (quoting
 
 Rudd v. Rudd,
 
 467 So.2d 964, 965 (Ala.Civ.App.1985)). ‘[A]n untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived.’
 
 Parker v. Parker,
 
 946 So.2d 480, 485 (Ala.Civ.App.2006).”
 

 Williams v. Lollar,
 
 8 So.3d 319, 321 (Ala.Civ.App.2008). Rule 4(a)(1), Ala. R.App. P., provides that a party must file a notice of appeal “within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from.” Rule 4(a)(3), Ala. R.App. P., provides, in pertinent part:
 

 “The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure ... shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion. If such post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1.”
 

 Rule 59.1, Ala. R. Civ. P., provides, in pertinent part:
 

 “No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days .... A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder ... shall constitute a denial of such motion as of the date of the expiration of the period.”
 

 
 *453
 
 Ecelia McConico and David Bed-good filed a complaint against Lorenza and several others, seeking a sale of property for a division of the proceeds, pursuant to § 35-5-20 et seq., Ala.Code 1975. According to the State Judicial Information System, on February 20, 2007, the trial court entered an order directing that the property be sold for division. In a sale-for-division case, both the order directing the sale and the subsequent order confirming the sale are considered final judgments for purposes of appeal.
 
 Jetton v. Jetton,
 
 502 So.2d 756, 758-59 (Ala.1987). On March 14, 2007, Lorenza filed a timely Rule 59(e), Ala. R. Civ. P., motion seeking to alter or vacate the trial court’s February 20, 2007, order, thus suspending the time for filing a notice of appeal.
 
 See
 
 Rule 4(a)(3), Ala. R.App. P. On June 12, 2007, 90 days after Lorenza filed his Rule 59(e) motion, that motion was denied by operation of law.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. Consequently, the 42-day period for Lorenza to file his notice of appeal commenced running on June 12, 2007.
 
 See
 
 Rule 4(a)(3). Therefore, Lorenza had until July 24, 2007, to file his notice of appeal. Lorenza filed his notice of appeal to the supreme court on October 3, 2008, well after the time for filing an appeal had expired.
 
 [1]
 
 Therefore, we must dismiss the appeal.
 
 See
 
 Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”).
 
 [2]
 

 Lorenza untimely filed his notice of appeal from the trial court’s February 20, 2007, order directing the sale for division. The record on appeal does not contain an order confirming any subsequent sale of the property made pursuant to the February 20, 2007, order. As noted, an order confirming a sale for division is appealable.
 
 Jetton,
 
 supra. In such an appeal, the appellant is “entitled to raise objections arising from both the initial judgment ordering the land sold, and from the judgment confirming the sale, so long as the trial judge was given an opportunity to rule on such objections.”
 
 Jetton,
 
 502 So.2d at 759.
 

 McConico’s “Motion for Expedited Ruling and/or[,] Alternatively, Motion to Sever” and Lorenza’s “Motion for [an] Extension of Time” to respond to McConico’s motion are denied as moot.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The supreme court subsequently transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 [2]
 

 . On September 23, 2008, the trial court purported to deny Lorenza's Rule 59(e) motion. However, because Lorenza's motion had previously been denied by operation of law, the trial court's purported denial of that motion was a nullity.
 
 See Moragne v. Moragne,
 
 888 So.2d 1280, 1282 (Ala.Civ.App.2004).