Rel: April 21, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2022-2023

———————————————

### SC-2022-0818

———————————————

## Debra Ann Kawzinski

## v.

## Sheryl Lyne, individually and as personal representative of the Estate of Robert L. Kawzinski, deceased

## Appeal from Elmore Circuit Court
## (CV-22-900026)

MENDHEIM, Justice.

Sheryl Lyne, individually and as the personal representative of the estate of Robert L. Kawzinski, deceased, commenced an action in the Elmore Circuit Court against Debra Ann Kawzinski ("Debra Ann") to quiet title to a piece of real property to which Lyne and Debra Ann both claim an ownership interest. Lyne further requested that the circuit court require the property to be sold and the proceeds divided among the rightful owners of the property. The circuit court entered a summary judgment in favor of Lyne. Debra Ann appealed. We dismiss Debra Ann's appeal as untimely filed.

<u>Facts and Procedural History</u>

It is undisputed that Robert L. Kawzinski ("Robert") and Debra Ann were married on September 14, 1991. On September 1, 2004, Robert and Debra Ann purchased, as joint tenants with the right of survivorship, a piece of real property and a house ("the property") located in Elmore County.

On February 8, 2008, in a separate action, the circuit court entered a "final decree of divorce" divorcing Robert and Debra Ann. According to the divorce judgment, "[s]ince the purchase of the [property], it is undisputed that [Debra Ann] has resided at the [property] and [Robert]

2

has resided at" a separate home owned by Robert. Concerning the property, which is at issue in this case, the circuit court's divorce judgment stated that the parties agreed that "the [estimated] value of the … property [was] approximately $325,000.00 to $330,000.00." The divorce judgment further stated:

> "The … property … shall be listed with a local real estate company or agent and sold at fair market value. The net proceeds from the said sale shall be equally divided by and between the parties. [Robert] shall select the real estate company and/or agent with which to list the [property] and have the [property] listed within 21 days of the date of this decree. [Debra Ann] shall be allowed to continue to reside [at] the [property] until such time as the [property] sells. [Debra Ann] shall fully cooperate, with [Robert] and/or his agents in arranging for the sale of same and shall make the [property] available for viewing, showing and/or inspection at any and all reasonable times pending the closing on same."

According to Debra Ann's affidavit testimony, Robert, contrary to the divorce judgment, never listed the property for sale.

On March 1, 2008, Robert executed his will, which named Lyne as the personal representative of his estate and left her "[a]ll the rest, residue and remainder of the property which I may own at the time of my death, real, personal and mixed, tangible and intangible, of whatsoever nature and wheresoever situated, including all property which I may acquire or become entitled to after the execution of this will …." On

3

August 15, 2021, Robert died, having never attempted to sell the property. On September 24, 2021, Lyne filed Robert's will with the Elmore Probate Court and petitioned for letters testamentary. On November 4, 2021, the probate court granted Lyne's petition and issued her letters testamentary naming her the personal representative of Robert's estate.

On December 30, 2021, Lyne's attorney sent Debra Ann a letter, which states, in pertinent part:

> "As you know, [Robert] owned a one-half (1/2) interest in the … property ….
>
> "Pursuant to your divorce decree with [Robert], the property … was to be sold and the proceeds from such sale were to be divided equally between [Robert] and yourself. At the time of your divorce, the … property was estimated to be valued at $330,000.00. Also, according to the divorce decree, this estimation was agreed to by you.
>
> "As personal representative of the Estate of Robert L. Kawzinski, Ms. Lyne must secure all of [Robert's] assets. That said, Ms. Lyne is not interested in trying to remove you from the … property; and, as such, would like to extend an offer to you to purchase [Robert's] one-half (1/2) interest in the real property for $165,000.00. Ms. Lyne believes this to be a reasonable resolution to this matter. However, if you are not agreeable to this solution, Ms. Lyne is prepared to seek legal action against you to have the property sold."

On January 28, 2022, Debra Ann's attorney sent a letter rejecting Lyne's offer concerning the property.

On February 1, 2022, Lyne, individually and as the personal representative of Robert's estate, filed a complaint in the circuit court against Debra Ann seeking to quiet title to the property and seeking a sale of the property for a division of the proceeds, pursuant to § 35-5-20 et seq., Ala. Code 1975. On March 11, 2022, Debra Ann filed an answer to Lyne's complaint.

On March 23, 2022, Lyne filed a motion for a summary judgment. Lyne argued that she is entitled to a "one-half undivided interest [in the property] as the sole devisee of the real property owned by the estate of Robert …." Lyne further argued that the property cannot be equitably divided or partitioned and requested that the circuit court order that the property be sold and distribute the proceeds of the sale between Lyne and Debra Ann.  On April 15, 2022, Debra Ann filed a response to Lyne's summary-judgment motion and also requested that a summary judgment be entered in her favor.

On April 20, 2022, the circuit court entered an order granting Lyne's summary-judgment motion. The circuit court's order states:

5

"Upon hearing the argument and review of the pleadings, this court finds that the motion for summary judgment is due to be granted in [Lyne's] favor as there is no genuine issue of a material fact and [Lyne] is entitled to a summary judgment as a matter of law. The Estate is a half owner of the interest in the [property], as it took the same interest as Robert Kawzinski owned before his death. The court hearing that this is a residential property as such the same cannot be equitably divided."

On May 20, 2022, Debra Ann filed a motion requesting a stay of execution of the circuit court's April 20, 2022, order granting Lyne's summary-judgment motion and requesting that the circuit court set a supersedeas bond, because Debra Ann intended to appeal the circuit court's order. On May 22, 2022, the circuit court denied Debra Ann's motion, stating that its April 20, 2022, order was "not a final judgment."

On June 7, 2022, Lyne filed a motion requesting "leave to list real property for sale." Lyne noted in her motion that the circuit court, in its April 20, 2022, order, had stated that the property "is a residential property [and] as such the same cannot be equitably divided." Accordingly, Lyne requested "that the [property] be sold at private sale, and that [she] have the sole authority to list and market the [property]." On June 8, 2022, the circuit court entered an order, stating: "Issue of the summary judgment this date is moot as presented with [Lyne's]

6

summary judgment already ruled upon on April 20, 2022. Parties talking. Reset for 9:00 a.m. on July 7, 2022."

On July 7, 2022, the circuit court entered an order stating that the "[o]rder of 4-20-2022 is made final for appeal purposes." On August 18, 2022, Debra Ann appealed to this Court.

<u>Discussion</u>

We must first consider whether this Court has jurisdiction over Debra Ann's appeal. On September 19, 2022, after Debra Ann had filed her notice of appeal, Lyne filed with this Court a motion requesting that we dismiss Debra Ann's appeal as untimely filed. Citing <u>Bedgood v. McConico</u>, 30 So. 3d 451, 453 (Ala. Civ. App. 2009), Lyne argues that the circuit court's April 20, 2022, order directing the sale of the property was a final judgment and that, thus, pursuant to Rule 4(a)(1), Ala. R. App. P., Debra Ann was required to file her notice of appeal within 42 days of its entry. Because Debra Ann undisputedly did not file her notice of appeal within 42 days of the entry of the circuit court's April 20, 2022, order, Lyne argues that Debra Ann's appeal is untimely and must be dismissed.

On October 20, 2022, this Court's Clerk's Office issued a show-cause order requiring Debra Ann to "show cause unto this Court … as to why

this appeal should not be dismissed for lack of jurisdiction as untimely filed." On October 27, 2022, Debra Ann filed a response to the show-cause order. Debra Ann does not disagree with Lyne's assertion that the circuit court's April 20, 2022, order was a final, appealable judgment, but she asserts that she did not file a notice of appeal within 42 days of the entry of the circuit court's April 20, 2022, order because she relied upon the circuit court's May 22, 2022, order, in which the circuit court stated that its April 20, 2022, order was "not a final judgment." Debra Ann states that she, "relying on the [circuit] court's [May 22, 2022,] order[,] waited until there was a 'Final Order' to proceed with her appeal." Debra Ann notes that she did file her appeal within 42 days of the entry of the circuit court's July 7, 2022, order, in which the circuit court stated that its April 20, 2022, order "is made final for appeal purposes." Debra Ann states that her "action and timing of filing of the appeal is an excusable neglect due to her relying on the [circuit] court's own orders in this matter"; Debra Ann cites no authority in support of her position.

This Court set forth the relevant legal principles concerning the jurisdictional issue before us in Jetton v. Jetton, 502 So. 2d 756, 758-59 (Ala. 1987):

8

"It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved. Kelley v. U.S.A. Oil Corp., 363 So. 2d 758 (Ala. 1978); Alabama Public Service Commission v. Redwing Carriers, Inc., 281 Ala. 111, 199 So. 2d 653 (1967). However, as this Court has previously noted, decrees and orders entered in equity proceedings involving the sale of real property for division of the proceeds present an unusual situation:

"'Equity decrees may be partly final and partly interlocutory. A decree which ascertains and declares the rights of the parties and settles the equities is a final decree, although it provides for further proceedings under the direction of the court in order to make the final decree effective, such decree is interlocutory and remains within the control of the court because as to such decree and further proceedings thereunder the cause remains in fieri. …

"'This rule is strikingly illustrated in suits in equity to sell lands for division. When the court orders the land sold, that decree is final insofar as it will support an appeal. Three illustrations of our entertaining appeals from such decrees are Berry v. Berry, 266 Ala. 252, 95 So. 2d 798 [(1957)]; Coppett v. Monahan, 267 Ala. 572, 103 So. 2d 169 [(1958)]; Raper v. Belk, 276 Ala. 370, 162 So. 2d 465 [(1964)]. We have also held that the decree confirming the sale is the final decree in judicial proceedings for the sale of lands for division, Pettit v. Gibson, 201 Ala. 177, 77 So. 703 [(1917)]; and that a sale of land for division among joint owners is not binding until confirmed by the court.'

9

"Taylor v. Taylor, 398 So. 2d 267, 269 (Ala. 1981), quoting Sexton v. Sexton, 280 Ala. 479, 195 So. 2d 531 (1967)."

As noted above, Lyne relied upon Bedgood, supra, in arguing that Debra Ann's appeal should be dismissed as untimely filed. In Bedgood, the Court of Civil Appeals dismissed an appeal from a judgment ordering the sale of real property because the appellant, who had been a defendant in the trial court, had failed to file his notice of appeal within the time frame set forth in Rule 4, Ala. R. App. P. The Court of Civil Appeals, relying upon the principles set forth above from Jetton, stated:

> "[The plaintiffs] filed a complaint against [the defendants], seeking a sale of property for a division of the proceeds, pursuant to § 35-5-20 et seq., Ala. Code 1975. According to the State Judicial Information System, on February 20, 2007, the trial court entered an order directing that the property be sold for division. In a sale-for-division case, both the order directing the sale and the subsequent order confirming the sale are considered final judgments for purposes of appeal. Jetton v. Jetton, 502 So. 2d 756, 758-59 (Ala. 1987). On March 14, 2007, [one of the defendants] filed a timely Rule 59(e), Ala. R. Civ. P., motion seeking to alter or vacate the trial court's February 20, 2007, order, thus suspending the time for filing a notice of appeal. See Rule 4(a)(3), Ala. R. App. P. On June 12, 2007, 90 days after [the defendant] filed his Rule 59(e) motion, that motion was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. Consequently, the 42-day period for [the defendant] to file his notice of appeal commenced running on June 12, 2007. See Rule 4(a)(3). Therefore, [the defendant] had until July 24, 2007, to file his notice of appeal. [The defendant] filed his notice of appeal to the supreme court on October 3, 2008, well

10

after the time for filing an appeal had expired. Therefore, we must dismiss the appeal. See Rule 2(a)(1), Ala. R. App. P. ('An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.')."

Bedgood, 30 So. 3d at 453 (footnotes omitted; emphasis added).

As indicated by the emphasized portion of the above-quoted portion of Bedgood, it is well established in Alabama that, "[i]n a sale-for-division case, both the order directing the sale and the subsequent order confirming the sale are considered final judgments for purposes of appeal. Jetton v. Jetton, 502 So. 2d 756, 758-59 (Ala. 1987)." Id. Based on Jetton and Bedgood, and contrary to the circuit court's mistaken belief, the circuit court's April 20, 2022, order directing that the property be sold was a final judgment capable of being appealed. Regardless of the confusion created by the circuit court's misguided orders that followed the final April 20, 2022, order, Debra Ann was required to file her notice of appeal of the circuit court's April 20, 2022, order within 42 days of its entry in order to properly invoke the jurisdiction of this Court. This she undisputedly did not do. Thus, we must dismiss Debra Ann's appeal for lack of jurisdiction.

We note, however, that Debra Ann may still have the opportunity to seek appellate relief. In Bedgood, even though the Court of Civil

Appeals dismissed the appeal in that case for lack of jurisdiction, the Court of Civil Appeals went on to note:

> "[The defendant] untimely filed his notice of appeal from the trial court's February 20, 2007, order directing the sale for division. The record on appeal does not contain an order confirming any subsequent sale of the property made pursuant to the February 20, 2007, order. As noted, an order confirming a sale for division is appealable. Jetton, supra. In such an appeal, the appellant is 'entitled to raise objections arising from both the initial judgment ordering the land sold, and from the judgment confirming the sale, so long as the trial judge was given an opportunity to rule on such objections.' Jetton, 502 So. 2d at 759."

Bedgood, 30 So. 3d at 453. The same appears to be true in the present case; the record on appeal does not contain an order confirming any sale of the property made pursuant to the circuit court's April 20, 2022, order. Accordingly, should such an order be entered below, Debra Ann could appeal that order and would be "'entitled to raise objections arising from both the initial judgment ordering the land sold, and from the judgment confirming the sale, so long as the trial judge was given an opportunity to rule on such objections.' Jetton, 502 So. 2d at 759." Id.

## Conclusion

Based on the foregoing, Debra Ann's notice of appeal was not timely filed to invoke the jurisdiction of this Court. Accordingly, we dismiss

Debra Ann's appeal. See Rule 2(a)(1), Ala. R. App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.").

APPEAL DISMISSED.

Parker, C.J., and Wise, Bryan, Sellers, Stewart, Mitchell, and Cook, JJ., concur.

Shaw, J., concurs in the result, without opinion.