Rel: March 13, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

### SC-2025-0633
_____

**Cynthia Gerhard and Elkton S. Gerhard III**

**v.**

**Elkton S. Gerhard, Jr.**

**Appeal from Mobile Circuit Court**
**(CV-21-900331)**

SELLERS, Justice.

Cynthia Gerhard and her husband Elkton S. Gerhard III ("Elkton III") appeal from a judgment of the Mobile Circuit Court ("the trial court")

authorizing by stipulation that certain property located on Harmon Williams Road in Mobile ("the property") be sold for a division of the proceeds, pursuant to § 35-6-20 et seq., Ala. Code 1975. We dismiss the appeal.

## I. Facts and Procedural History

Elkton Gerhard, Jr. ("the father"), has two sons, Russ Gerhard and Elkton III. In 2013, the father and Russ acquired the property by warranty deed, and they owned it jointly with rights of survivorship. The father thereafter leased the property to Elkton III and Cynthia on a month-to-month basis. After Elkton III and Cynthia defaulted under the lease, the father commenced an action seeking to eject them from the property. Before the scheduled bench trial, the father learned that, during the pendency of the ejectment action, Russ had executed an unrecorded quitclaim deed conveying his interest in the property to Elkton III and Cynthia. The father thereafter filed a motion for leave to amend the complaint to recast his ejection claim as a "Sale for Division" claim. In his complaint, the father alleged that the property was incapable of being equitably partitioned, and he requested that the property be sold and that the proceeds be divided among the rightful

2

owners. The father also sought to add Russ as a defendant and to include a claim against him to set aside, as void, the deed purporting to convey his interest in the property.

On July 10, 2025, the trial court conducted a hearing on the father's claim seeking a sale for division, at which the parties stipulated to several matters. On August 1, 2025, the trial court entered the following order based on those stipulations:

> "This case came before the Court on the [father's] Complaint for a Sale for Division of the subject property. In open Court, the parties were able to stipulate as to several matters as follows:
>
> "1. The [father's] count in [his] Complaint seeking to set aside a deed from [Russ] to [Elkton III and Cynthia] was voluntarily dismissed by [the father] and [Russ] is hereby dismissed as a party defendant.
>
> "2. The remaining parties, [the father] and [Elkton III and Cynthia] stipulated that [Elkton III and Cynthia] are unable to purchase the 1/2 interest of [the father] and that the property, therefore, must be sold for a division of the net proceeds.
>
> "3. The parties also stipulated that Jennifer Kirkland, at Remax Realty shall be selected to list the subject property for sale, and that the listing price for the property should be $66,000, which comports with the current fair market value set forth in the records of the Mobile County Revenue Commissioner. The Court so orders and Jennifer Kirkland of Remax Real Estate is hereby appointed to list the property at the aforesaid price of $66,000.

"4. The parties also stipulated that the net proceeds from the subject property shall be deposited with the Clerk of the Court and that upon receiving notice from the parties that the sale has been concluded, the Court will set an evidentiary hearing wherein the parties can testify as to what adjustments on the distribution of the net proceeds shall be made for payment of ad valorem taxes, with interest, made by [the father] during the years that the parties have held title to the subject property, and other matters concerning the division of proceeds which the Court determines are relevant and should be taken into consideration.

"5. At said hearing, the Court will also determine a reasonable attorney[']s fee for [the father's] counsel for the prosecution of this action, which attorney's fee shall be shared equally between [the father and Elkton III and Cynthia].

"6. [Elkton III and Cynthia] agreed to cooperate with the listing agent for purpose of showing the property to prospective purchasers and understand that all three of the parties are required to attend the closing and execute such documents as are required to effect the sale.

"7. The Court retains jurisdiction of this matter to make such other, further orders, as may be necessary."

Elkton III and Cynthia failed to comply with the order and, instead, acting pro se, filed this appeal.

## II. Discussion

We first address the father's argument that the appeal should be dismissed because, he says, the order authorizing the sale of the property for a division of proceeds is not a final judgment that will support an

4

appeal. Although we agree with the father that the appeal is due to be dismissed, our reasoning for the dismissal is unrelated to the finality of the order. It is well established in Alabama that, in a sale-for-division case, both the order directing the sale and the subsequent order confirming the sale are considered final judgments for purposes of appeal. Jetton v. Jetton, 502 So. 2d 756, 758-59 (Ala. 1987). See also Carter v. Mitchell, 225 Ala. 287, 293, 142 So. 514, 519 (1932) ("The test of the finality of a decree sufficient to support an appeal is that it ascertains and declares the rights of the parties and settles the equities."). Here, the order appealed from declared the rights of the parties and settled the equities regarding the sale for division. The trial court retained jurisdiction to conduct further proceedings to determine how the proceeds from the sale should be deducted, offset, and ultimately divided and distributed -- to make the order effective. Accordingly, the order was final for purposes of appeal. Jetton, supra. Nonetheless, the appeal is due to be dismissed because Elkton III and Cynthia stipulated to the sale for division. See Jetton, 502 So. 2d at 759 ("This Court has held that generally consent judgments are not reviewable on appeal because the consent of the parties waives prior irregularities and

5

constitutes a release of errors."), and <u>Hanson v. Hearn</u>, 521 So. 2d 953, 954 (Ala. 1988) ("[A] consent judgment is in the nature of a contract or a binding obligation between parties and can be set aside only upon a showing of fraud or mistake.") In this case, the order appealed from was premised on stipulations mutually consented to by the parties, without expressly reserving any rights to appeal. Further, Elkton III and Cynthia did not file any motion in the trial court seeking to aside the order based on fraud or mistake. Rather, within two weeks of the entry of the order, they filed their notice of appeal. Under the circumstances presented, Elkton III and Cynthia have waived their right to appeal from the August 1, 2025, order.

In their reply brief, which, in many respects, fails to comply with Rule 28, Ala. R. App. P., Elkton III and Cynthia appear to concede that there is a problem with their appeal. Nonetheless, they ask this Court to "consider" that their "reading and learning disabilities affect their ability to understand court filings," that they "did not know that [they] were expected to file a motion to reconsider or amend before filing an appeal," that they "did not receive proper notice of the intent to sell the property" before the July 10, 2025 hearing, and that they "did not receive all of the

documents referenced in the [father's] brief." Elkton III and Cynthia's reply brief at 3. While we are not unsympathetic to pro se litigants such as Elkton III and Cynthia, it is well settled that "[t]he operation of the courts of this state is governed by rules which are no more forgiving to a pro se litigant than to one represented by counsel." Black v. Allen, 587 So. 2d 349, 349 (Ala. Civ. App. 1991). Moreover, the assertion of Elkton III and Cynthia that they did not receive proper notice of the father's intent to sell the property before the July 10, 2025 hearing is refuted by the record. Specifically, Elkton III and Cynthia were served with the father's motion for leave to amend his complaint as well as the amended complaint, both of which expressly indicate that the father was abandoning his ejection claim and, instead, seeking a sale of the property for a division of the proceeds. Finally, the transcript of the July 10, 2025, hearing makes clear that Elkton III and Cynthia understood that the property had to be sold:

> "THE COURT: Mr. and Mrs. Gerhard, do you all know of any other way to proceed with this case other than a sale for the division of the property?
>
> "[Cynthia]: No, I can't think of no other way[]. …
>
> "….

"THE COURT: But you are in agreement that the property should be listed, should be sold, and that you should receive what you believe to be your fair share and [the father] should receive his fair share; is that right?

"[Cynthia]: Yes, ma'am.

"....

"[Cynthia]: We'll just get it all done and get it over and done with. We went on too many years.

"THE COURT: It has. I've been seeing y'all for a long time now.

"[Cynthia]: Yes, ma'am, almost five years."

The August 1, 2025, order approving the sale of the property by stipulation does not provide for a reservation of rights to appeal, and Elkton III and Cynthia did not move the trial court to set aside the order based on fraud or mistake. Thus, Elkton III and Cynthia waived their right to appeal the order.

## III. Conclusion

Because Elkton III and Cynthia waived their right to appeal the August 1, 2025, order, their appeal is dismissed.

APPEAL DISMISSED.

Stewart, C.J., and Wise, Cook, and Parker, JJ., concur.